Argued and submitted September 20, 1996, affirmed March 19, 1997

In the Matter of the Compensation of
Ricky L. Robinson, Claimant.

Ricky L. ROBINSON,
*Petitioner,*

*v.*

SAIF CORPORATION
and Parsons Pine Products,
*Respondents.*

(95-06096; CA A92231)

935 P2d 454

Bruce D. Smith argued the cause and filed the brief for petitioner.

Steve Cotton argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of his claim for compensation for a hernia. We review for substantial evidence, ORS 183.482(7) and (8); ORS 656.298(6), and affirm.

Claimant began working for employer in September 1984. In April 1995, he was lifting two stacks of boards down from a shelf when he felt an immediate sharp pain in his left side. After a brief rest, he returned to work and felt a burning sensation in his left groin. However, claimant continued to work for several days until he had to leave work because of groin pain. He then sought medical treatment and was referred to Dr. Scharpf who diagnosed a symptomatic left inguinal hernia, an occult[1] right inguinal hernia, and an asymptomatic epigastric hernia. Scharpf performed surgery to repair both inguinal hernias.

Claimant asserted a claim for the inguinal hernias. SAIF, on behalf of employer, denied compensability, and claimant requested a hearing. At the hearing, claimant conceded that he had not established the compensability of the right inguinal hernia and sought compensation only for the left inguinal hernia. The administrative law judge (ALJ) upheld SAIF's denial of the left inguinal hernia, finding that claimant had a preexisting condition and that he had failed to prove that his work injury was the major contributing cause for his condition or need for treatment. The Board adopted the ALJ's findings of fact and upheld the denial on essentially the same grounds.

■       Claimant first argues that substantial evidence does not support the Board's finding that he had a preexisting left inguinal hernia condition. Consequently, the Board erred in applying the major contributing cause standard under ORS 656.005(7)(a)(B), rather than the material cause standard usually applied to injuries.

Scharpf, claimant's treating physician, provided the only medical expert opinion. He stated that, based on the fact

---

[1] Here, "occult" refers to something that is hidden or concealed. *Stedman's Medical Dictionary* 972 (illus 23rd ed 1976).

that claimant had bilateral inguinal hernias, his condition "was probably there for some time, but didn't become symptomatic until recently." The presence of bilateral hernias also suggested a preexisting congenital groin weakness. He later stated that claimant probably had a predisposition for hernias and that claimant "had some weakness in the groin area and possibly and probably some—the beginning of a hernia forming in his groin area on both sides." Although Scharpf could not say "for sure" that claimant had a preexisting condition, the Board concluded that, based on the record as a whole, the preponderance of evidence[2] showed that claimant had a preexisting left inguinal hernia condition.

ORS 656.005(24) defines a preexisting condition as

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes or predisposes a worker to a disability or need for treatment and that precedes the onset of an initial claim for an injury[.]"

Claimant insists that "Dr. Scharpf's statements on [claimant's preexisting condition] are equivocal, basically amounting to speculation; and, in any event, there is no objective evidence of a preexisting condition." We disagree. Although Scharpf could not say for certain that claimant had a preexisting condition, medical certainty is not required. Instead, a preponderance of evidence may be shown by medical probability. *Gormley v. SAIF*, 52 Or App 1055, 1060, 630 P2d 407 (1981). Here, Scharpf was able to state that claimant probably had a predisposition to developing hernias and probably had the beginning of hernias on both sides. That is sufficient to make it more likely than not that claimant had a preexisting condition. Further, Scharpf's opinion was based on his observation of bilateral hernias and thus is supported by objective findings. *See* ORS 656.005(19). Finally, even though some of the doctor's statements could be considered equivocal, the Board was entitled to consider Scharpf's statements

---

[2] ORS 656.266 provides that "[t]he burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability" is on the worker. The question of which party bears the burden of proving a preexisting condition was not raised by either party or the Board. Because the Board found that a preponderance of evidence showed a preexisting condition, we do not need to address that issue.

in the context of the whole record. That record supports the Board's finding.

■ Claimant next argues that, even if the Board was correct in finding that he had a preexisting condition, it erred in finding that he failed to establish that his work injury was the major contributing cause of his left inguinal hernia. ORS 656.005(7)(a)(B) provides:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."[3]

The Board summarized Scharpf's testimony regarding the major cause of claimant's hernia as follows:

> "Dr. Scharpf initially said that it was impossible to identify the cause of claimant's hernia. In deposition, Scharpf concluded that claimant's work injury was 'the cause that brought him to [Scharpf's] office.' Scharpf then said that he could not 'say what the major cause of [claimant's] groin weakness and hernia formation would be.' Thereafter, however, Dr. Scharpf agreed that the major cause of 'the symptoms and the problems' was claimant's work activity." (References to exhibits omitted; brackets in original.)

Two of the three Board members then concluded:

> "Taken together, Dr. Scharpf's opinions fail to establish a compensable claim under *amended* ORS 656.005(7)(a)(B). At most, his opinions establish that claimant's work injury was the precipitating cause of his left inguinal hernia. * * * We agree with the ALJ that, as a whole, Dr. Scharpf's opinions fail to establish that claimant's work injury was the major contributing cause of his left inguinal hernia."[4]

---

[3] ORS 656.005(7)(a)(B) was amended by Oregon Laws 1995, chapter 332, section 1. Although claimant's injury occurred before the effective date of the 1995 act (June 7, 1995), his claim had no final decision as of that date, and the amended version of the statute applies. Or Laws 1995, ch 332, § 66; *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996).

[4] One Board member dissented. That member would have found that Scharpf's opinion that claimant's work activity was the major cause of his "symptoms" and

Claimant argues that the Board erred because it disregarded the language in the statute that provides that an injury that combines with a preexisting condition is compensable if it is the "major contributing cause for claimant's *need for treatment* of the 'combined' (symptomatic hernia) condition." (Emphasis supplied.) He also contends that "undisputed medical evidence proves that the major contributing cause of the need for surgical repair of claimant's left-sided hernia was the work activity."

Although the Board recited the provisions of ORS 656.005(7)(a)(B) early in its order, its ultimate conclusion was not expressed using the exact terms of the statute. The Board did not specifically address the major contributing cause of either "the disability of the combined condition" or "the need for treatment of the combined condition." Instead, it focused on the major cause of the combined condition itself, the symptomatic left inguinal hernia. Claimant does not explain why the major contributing cause of the need for treatment in this case should be different from the major cause of the hernia itself. Although there may be cases where that difference exists, we do not see that that is the case here. Although the Board could have chosen its words with the statute closer in mind, it did not apply the wrong test.

■■ The Board also did not err in finding that claimant failed to establish that his work injury was the major contributing cause of his need for treatment. The fact that a work injury caused or precipitated a claimant's condition does not necessarily mean that that injury was the major contributing cause of the condition. *Dietz v. Ramuda,* 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995). Instead, "determining the 'major contributing cause' involves evaluating the relative contribution of different causes of an injury or disease and deciding which is the *primary* cause." *Id.* (emphasis in original). Also, the 1995 amendments to ORS 656.005(7)(a)(B) make it clear that it is the primary cause of the disability or need for treatment of the *combined condition* that must be determined.[5]

---

"problems" was sufficient to establish that his work injury was also the major contributing cause of his hernia.

[5] Before the amendments by Oregon Laws 1995, chapter 332, section 1, ORS 656.005(7)(a)(B) read:

Here, Scharpf could not say what was the major cause of claimant's hernia. He was only able to agree that claimant's work activity was the major cause of claimant's "symptoms and problems," that it was what brought him to Scharpf's office, and that it was the major cause of claimant going from an asymptomatic state to a one that was symptomatic. That testimony shows that claimant's work injury precipitated his need for treatment. However, it does not ineluctably establish that claimant's work injury, when weighed against his preexisting condition, was the major cause of claimant's need for treatment of his combined condition. The Board did not err in finding that claimant failed to meet his burden of proof.

Affirmed.

---

"If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."