Argued and submitted September 19, 1996, affirmed May 21, petitioners' petition for reconsideration filed June 4 allowed by opinion July 23, 1997

See 149 Or App 309, 942 P2d 859 (1997)

In the Matter of the Compensation of
Michael T. Nehl, Claimant.

SAIF CORPORATION,
*Petitioner,*

*and*

DEPARTMENT OF CORRECTIONS,
*Employer,*

*v.*

Michael T. NEHL,
*Respondent.*

(95-03780; CA A92311)

939 P2d 96

Michael O. Whitty, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert Wollheim argued the cause for respondent. With him on the brief were Welch, Bruun, Green & Wollheim and Christopher D. Moore and Malagon, Moore et al.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

In this workers' compensation case, SAIF Corporation (SAIF), as the employer's insurer, seeks review of an order setting aside its denial of claimant's low back injury claim. The Board held that surgery to repair claimant's pre-existing spine fusion hardware was compensable under ORS 656.005(7)(a)(B) because his on-the-job injury constituted the major contributing cause of claimant's need for treatment for his combined condition. We affirm.

We take the facts from the administrative law judge's (ALJ) findings of fact, which the Board adopted on its review and which SAIF does not challenge. Claimant began employment as an Adult Parole and Probation Officer with the State of Oregon in the late 1970's. In 1992, he sustained a noncompensable low back injury and underwent a left L3-4 microdiscectomy. In January 1993, he experienced a recurrent disk herniation and a second L3-4 microdiscectomy was performed in October 1993. Claimant experienced ongoing low back and left leg symptoms that were diagnosed as "status post repeat L3-4 discectomy and spondylolysis of L5." Claimant's symptoms did not improve, and he underwent a surgical fusion from L3 to the sacrum with the installation of Steffe plates, which were secured to the spine with screws. Claimant continued to experience ongoing, constant low back aching and left leg pain after the fusion but returned to work nonetheless.

On January 10, 1995, claimant's treating physician examined him after he complained of continuous low back and left leg pain plus bilateral hip and groin pain. Physical therapy was prescribed and x-rays were taken on February 6, 1995.

On February 8, 1995, claimant squatted to talk with a mental health patient. When he stood up, he experienced a change in his back pain. Later that day, claimant attempted to help the same patient to her feet. Again, claimant experienced a different sensation in his back. Following a tense encounter with the patient, claimant began to notice more intense pain in his low back. He then experienced more back, buttock and thigh pain on the right side than was typical for

him at that time. On February 14, 1995, claimant filed a claim for low back injury. SAIF denied the claim by letter dated March 13, 1995.[1]

On March 13, 1995, claimant was examined by Dr. Misko and x-rays were taken. Claimant was found to have loss of bone around the screws in the L3 vertebrae. In June 1995, he underwent a fourth surgery on his low back.

After a hearing, the ALJ set aside SAIF's denial because "claimant's otherwise compensable on-the-job injury was the major contributing cause of the need for treatment of his combined low back condition."[2] ORS 656.005(7)(a)(B).[3] SAIF sought review before the Workers' Compensation Board (the Board), which adopted and affirmed the ALJ's order. This petition followed.

We review the Board's legal conclusions for errors of law, ORS 183.482(8)(a), and determine whether its findings are supported by substantial evidence in the record. ORS 183.482(8)(c).

On review, SAIF argues that the Board erred in its application of the "major contributing cause" standard under ORS 656.005(7)(a)(B). Claimant responds that the Board properly applied the statute and that its findings are supported by substantial evidence.

---

[1] SAIF's denial letter states, in pertinent part:

"You filed a claim for an alleged injury to your low back which you believe occurred on or about February 8, 1995, while you were employed at Department of Corrections.

"We have reviewed the information we have obtained and find that your work activity for [the] Department of Correction[s] is not the major contributing cause of the development of your alleged possible displacement of [pedicle] screw[s] around L3."

[2] The ALJ's order also awarded claimant attorney fees and claimant cross-requested review by the Board of that portion of the ALJ's order. That issue is not before us.

[3] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

The Board, in adopting and affirming the ALJ's order, explained its application of the statute as follows:

"The focus of the fact finder in determining the applicability of ORS 656.005(7)(a)(B) is on the entire combined condition. It requires a determination of the relative contributions to the need for treatment of the combined condition or to the disability arising from the combined condition.

"Here, the existence of claimant's claimed combined condition is undisputed. So is the fact that claimant's combined condition required medical treatment. The evidence establishes those facts without contradiction.

"* * * In this case the 'combined condition' is claimant's post surgical low back with loosened hardware.

"* * * * *

"It is important to note in this case that the surgical treatment being claimed (the surgical repair of the failed fusion instrumentation) is directed at a very specific and limited part of claimant's 'combined condition.' * * *

"ORS 656.005(7)(a)(B), and the legislative history behind that provision, make clear that if claimant's otherwise compensable injury is the major contributing cause of the specific need for treatment of claimant's combined condition, then that treatment is compensable. That is true even though claimant's disability may not have been caused in major part by the otherwise compensable injury." (Footnote omitted.)

SAIF contends that the Board misapplied the statute because it ignored claimant's "entire" condition and dealt only with the question of what caused the loosened screws. The problem with that approach, SAIF maintains, is that it "emphasizes the event that precipitated claimant's need for medical treatment, and not the entire collection of events and [factors] that contributed to the [cause of the need for medical treatment of his combined condition]." SAIF argues that claimant must show that *his entire combined condition*, not just his *specific need for treatment*, was caused in major part by his on-the-job injury. In that light, SAIF maintains that claimant's surgical treatment is not compensable because claimant's preexisting low back condition, which encompasses three surgeries, the installation of the screws and his

ongoing low back, leg and groin pain, greatly outweighs the relative contribution of his on-the-job injury to the causation of claimant's entire low back condition.

■ According to SAIF, the issue here is whether the term "combined condition" is limited to the condition for which claimant seeks treatment or whether it also encompasses all of claimant's preexisting low back problems. The Board concluded that the focus of the statute was on claimant's specific need for treatment and thus that the treatment is compensable if the on-the-job injury causes, in major part, claimant's immediate need for treatment, even though claimant's entire condition may not have been caused in major part by the on-the-job injury. The Board is correct.

■ The statute provides that the on-the-job injury must be the major contributing cause of *the need for treatment*, not the major contributing cause of the combined condition. *Accord Robinson v. SAIF*, 147 Or App 157, 162, 935 P2d 454 (1997) ("The Board also did not err in finding that claimant failed to establish that his work injury was the major contributing cause of his need for treatment."). That is consistent with ORS 656.245(1)(a), which now provides, in part:

> "[F]or * * * combined conditions described in ORS 656.005(7), the insurer or self-insured employer shall cause to be provided only those medical services directed to medical conditions *caused in major part by the injury*." (Emphasis supplied.)

It is evident that the Board, in affirming the ALJ, was referring to ORS 656.245(1) when it said: "It is important to note in this case that the surgical treatment being claimed (the surgical repair of the failed fusion instrumentation) is directed at a very specific and limited part of claimant's 'combined condition.' " The Board used the correct test. We conclude that, regardless of the extent of claimant's underlying condition, if the immediate cause of claimant's need for treatment is an on-the-job accident, the treatment is compensable.

Affirmed.