On petitioners' petition for reconsideration filed June 4, reconsideration allowed; opinion (148 Or App 101, 939 P2d 96) modified and adhered to as modified July 23, 1997, petition for review denied January 27, 1998 (326 Or 389)

In the Matter of the Compensation of
Michael T. Nehl, Claimant.

SAIF CORPORATION,
*Petitioner,*

*and*

DEPARTMENT OF CORRECTIONS,
*Employer,*

*v.*

Michael T. NEHL,
*Respondent.*

(95-03780; CA A92311)

942 P2d 859

Michael O. Whitty, Assistant Attorney General, Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, for petition.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

SAIF Corporation moves for reconsideration of our previous opinion, *SAIF v. Nehl*, 148 Or App 101, 939 P2d 96(1997), contending, *inter alia*, that "some of the language of the court's opinion appears to apply [ORS 656.005(7)(a)(B)] in a manner inconsistent with the court's prior opinions." We allow the motion to clarify our opinion and to respond to SAIF's argument that our opinion in this case is inconsistent with our opinion in *Robinson v. SAIF*, 147 Or App 157, 935 P2d 454 (1997), which we decided after oral argument in this case and cited in our previous opinion. We adhere to our opinion as modified.

The facts in this case are set out in our previous opinion and do not need repeating here. In that opinion, we concluded that, "regardless of the extent of claimant's underlying condition, if the immediate cause of claimant's need for treatment is an on-the-job accident, the treatment is compensable." 148 Or App at 106. Pointing to this language, SAIF argues that we eliminated from consideration the weighing process contemplated by ORS 656.005(7)(a)(B) and discussed in *Robinson* of " 'evaluating the relative contribution of different causes of an injury.' " (Quoting *Robinson*, 147 Or App at 162.) SAIF maintains that, in that light, "the work injury will *always* be the immediate reason claimant goes to the doctor * * *." (Emphasis in original.) SAIF is correct that the last sentence of our previous opinion misstated the test contemplated by ORS 656.005(7)(a)(B).[1] That sentence should have read: "We conclude that, regardless of the extent of claimant's underlying condition, if claimant's work injury, when weighed against his preexisting condition, was the major cause of claimant's need for treatment, the combined condition is compensable." We therefore withdraw the last sentence of our opinion and adhere to our opinion as modified.

---

[1] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Our previous opinion demonstrates that we reviewed the Board's analysis for conformity with ORS 656.005(7)(a)(B) and concluded that it properly engaged in the weighing process contemplated by the statute, *i.e.*, evaluating the relative contribution of claimant's preexisting condition and his on-the-job injury and deciding which was the primary cause of his need for treatment of his combined condition. In our previous opinion, we explained:

> "The Board concluded that the focus of the statute was on claimant's specific need for treatment and thus that the treatment is compensable if the on-the-job injury causes, in major part, claimant's immediate need for treatment, even though claimant's entire condition may not have been caused in major part by the on-the-job injury." 148 Or App at 106.

We concluded that the Board correctly said that when the claimant has a combined condition, not caused in major part by the on-the-job injury, the condition is nevertheless compensable when the on-the-job incident is primarily responsible for claimant's need for treatment.

■ We turn now to SAIF's argument that our holding in this case conflicts with our holding in *Robinson*. Specifically, SAIF argues that our emphasis on the statutory language "need for treatment" in our previous opinion, 148 Or App at 106, is inconsistent with our holding in *Robinson*, in which we emphasized the "combined condition" language in the statute. 147 Or App at 162. In that light, SAIF renews its argument that claimant must show that his *entire combined condition*, not just his *specific need for treatment*, was caused in major part by his on-the-job injury. *See* 148 Or App at 105. SAIF misses the point, which is that the extent of claimant's preexisting condition is weighed against the extent of his on-the-job injury in determining which of the two is the primary cause of his need for treatment of the combined condition. The extent of claimant's preexisting condition is *not* weighed against the extent of his on-the-job injury to determine which of the two is the primary cause of his combined condition.

In *Robinson* and *Nehl*, we emphasized different statutory language in order to point out the error in the appellant's argument.[2] In *Robinson*, the uncontroverted medical

---

[2] We affirmed the Board's order both here and in *Robinson*. The question of whether claimant's on-the-job injury, when weighed against the extent of his

evidence established that claimant had a congenital groin weakness that predisposed him to hernias and that his work activities made his hernias symptomatic. The relevant issue on appeal was whether the Board had erred in finding that claimant had failed to carry his burden of proof in establishing the compensability of his combined condition. We emphasized the "combined condition" language in the statute to refute the claimant's argument that the Board erred because "it disregarded the [statutory] language * * * *need for treatment*." 147 Or App at 162 (emphasis in original). The point of our discussion there was the same point that SAIF urges us to recognize here: that under the statute, a claimant needs to establish more than the fact that a work injury *precipitates* a claimant's need for treatment in order to establish the compensability of his combined condition. *See id.*

In *Robinson*, we did not need to distinguish between the major cause of claimant's combined condition and the major cause of claimant's need for treatment, because they were the same. Here, we need to make that distinction, because this case turns on the fact that there is a difference between the primary cause of claimant's condition and the primary cause of his need for treatment. We recognized that distinction in *Robinson*, where we explained:

> "Claimant does not explain why the major contributing cause of the need for treatment in this case should be different from the major cause of the hernia itself. *Although there may be cases where that difference exists, we do not see that that is the case here.*" *Id.* (emphasis supplied).

We therefore emphasized the statutory "need for treatment" language in our previous opinion in this case to refute SAIF's argument. That argument failed to draw the distinction between the primary cause of claimant's need for treatment and the primary cause of his combined condition. On reconsideration, SAIF renews its arguments, which again contain the same error.

---

preexisting condition, constitutes the primary cause of his need for treatment is inherently a factual one. Because the Board's finding on that point was supported by substantial evidence, we limit our inquiry to whether the Board evaluated claimant's claim under the correct legal standard.

In this case, SAIF does not challenge the extent of claimant's preexisting condition, the existence of his combined condition, or the Board's finding that claimant's on-the-job incident was the primary cause of his need for treatment. On reconsideration, SAIF argues that, in emphasizing the statutory language "need for treatment" in our previous opinion, we "ignored" the "combined condition" language in ORS 656.005(7)(a)(B). According to SAIF, the statute provides that "[w]hen the preexisting condition predisposes the claimant to a need for treatment, and that condition combines with a work incident to cause any need for treatment, the major contributing cause of the combined condition must be determined by weighing the relative contributions of the preexisting condition and the work incident."

SAIF argues that, under these facts, "[t]he appropriate weighing process is to put all of the contribution of claimant's prior surgeries, including the installation of the [prosthesis] and the subsequent pain claimant was experiencing on one side of the scales, and the loosening of the screws in the [prosthesis] caused by the work incident on the other side of the scales." The problem with SAIF's interpretation of the statute is, in essence, that it reads the language "need for treatment" out of the statute. What SAIF proposes is tantamount to understanding the pertinent portion of the statute to read: "[T]he combined condition is compensable only if * * * the otherwise compensable injury is * * * the major contributing cause ~~of the need for treatment~~ of the combined condition." Under ORS 174.010,[3] we may not take the course that SAIF urges, and we therefore reject that reading of ORS 656.005(7)(a)(B). It follows that what we said in our previous opinion, and again here, does not conflict with what we said in *Robinson* because the two cases are distinguishable: here, the primary cause of claimant's combined condition is different from the primary cause of his need for treatment.

---

[3] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or substance, contained therein, not to * * * omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as to give effect to all."

Finally, SAIF complains that our reference to ORS 656.245(1) in our previous opinion is not necessary to our holding. We agree.

■ In summary, we understand SAIF's argument to be that we should read the statute to distinguish between the compensability of claimant's need for treatment and compensability of claimant's combined condition. However, the statute expressly refers to the compensability of the combined condition and says that the combined condition itself is compensable when the on-the-job injury is the major cause of claimant's disability *or need for treatment*. Accordingly, we hold that in this case, that the Board correctly applied ORS 656.005(7)(a)(B) in concluding that claimant's work injury, when weighed against the extent of his preexisting condition, is the major cause of his need for treatment. Therefore, claimant's combined condition is compensable.

Reconsideration allowed; opinion modified and adhered to as modified.