Argued and submitted January 26, affirmed September 29, 1999

## In the Matter of the Compensation of
## Robert C. Gray, Claimant.

### Robert C. GRAY,
### *Petitioner,*

### *v.*

### WESTERN PANEL MFG
### and EBI Companies,
### *Respondents.*

### (96-08812; CA A100948)

986 P2d 1249

David C. Force argued the cause and filed the brief for petitioner.

Howard R. Nielsen argued the cause for respondent. With him on the brief was Zimmerman, Rice & Nielsen.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board that partially denied his claim for medical services for a combined condition. He assigns error to the Board's decision to determine compensability when the administrative law judge (ALJ) had made no findings on that issue. He also assigns error to the Board's conclusion that his injury was not compensable. We affirm.

Most of the relevant facts are not in dispute. Claimant was employed as a millwright at employer's manufacturing facility. In July 1995, he slipped while climbing down a ladder from employer's cyclone collector[1] and fell two feet to the ground. He landed on his right side with his right knee underneath him. The fall caused excruciating pain in his right knee as well as other symptoms.

Claimant had had right knee surgery 20 years earlier to remove torn portions of his right medial meniscus. However, in the months leading up to the 1995 accident, claimant had experienced only occasional pain in his right knee, which did not require medical attention.

The 1995 fall caused tears in the remaining posterior rim of the medial meniscus and in the anterior cruciate ligament of claimant's right knee. An operation was performed to remove damaged cartilage and to repair other portions of the injured knee. While at home recovering from the operation, claimant's right knee gave out and he fell. Claimant's doctor, Dr. Jones, believed this second fall to be a result of the recent injury at employer's facility. Dr. Weintraub, who examined claimant on behalf of employer, substantially agreed with that assessment. By all accounts, the second fall caused further damage to claimant's right knee, including an osteochondral fracture of the patella and lateral meniscus tears.

After the second 1995 fall, claimant underwent a second operation to repair the damaged tissues but remained

---

[1] A "cyclone collector" is a centrifugal device that is used to separate solids from liquids or gases. *Webster's Third New Int'l Dictionary*, 564 (unabridged ed 1993).

unable to climb stairs or walk more than a block. Because of those symptoms, Dr. Mohler, a specialist to whom Jones had referred claimant, deemed claimant to be a reasonable candidate for a total right knee replacement. Claimant wished to undergo that surgery and sought compensation from employer for it. Employer denied compensation for the surgery on the ground that claimant's preexisting condition, specifically his degenerative joint disease, was the major cause of his need for the total knee replacement. ORS 656.005(7)(a)(B).

After employer denied the compensability of the total knee replacement surgery, claimant requested a hearing before the Board to challenge the denial. After the hearing, the ALJ determined the claim to be solely for medical services and therefore under the exclusive jurisdiction of the Director of the Department of Consumer and Business Services. ORS 656.245(6). Claimant sought review, and the Board reversed the ALJ's conclusion that it lacked jurisdiction of the claim. On the merits, it concluded that the claim was not compensable because the preexisting condition was the major contributing cause of the need for surgery. ORS 656.005(7)(a)(B).

On review, claimant argues that the Board erred in deciding compensability when the ALJ had not found any facts bearing on that issue. Alternatively, claimant argues that the Board erred in holding that claimant had not met his burden of proving that the major contributing cause of his need for knee replacement surgery was the 1995 workplace injury. Employer contends that the ALJ did enter findings of fact and that the Board was correct in its conclusion on compensability. We address claimant's arguments in turn.

■ Claimant is correct that the ALJ failed to find any facts bearing on compensability. However, compensability was an issue at the hearing, and both claimant and employer submitted numerous exhibits, including affidavits from doctors, that addressed whether the major contributing cause of claimant's need for a total knee replacement was the 1995 workplace injury. Claimant does not assert that the ALJ barred him from submitting evidence that would help him meet his burden on that issue. Because the record was fully

developed, the Board was entitled to find its own facts relevant to compensability.

■ OAR 438-011-0015(1) specifically provides that "[r]eview by the Board is de novo upon the entire record." That language implies that the Board is not bound in any way by the findings of fact entered by the ALJ. It follows that the Board is entitled to find its own facts based on the record developed by the ALJ.

That conclusion is reinforced by the discretionary language in Oregon's statutes and administrative rules with respect to the Board's authority to remand cases to the ALJ. OAR 438-011-0015(1) states that "[t]he Board *may* remand a matter to the Hearings Division to take additional evidence, report findings to the Board or to enter an Opinion or Order on remand." (Emphasis added.) Similarly, ORS 656.295(5) provides that "if the board determines that a case has been improperly, incompletely, or otherwise insufficiently developed or heard by the Administrative Law Judge, it *may* remand the case to the Administrative Law Judge for further evidence taking, correction, or other necessary action." (Emphasis added.)

Claimant urges us to interpret "may" as "shall," suggesting that the legislature never contemplated that the Board might decide an issue in spite of the ALJ's having made no findings with respect to it. We decline to consider what the legislature contemplated, because the language of the statute is clear.

■■ Finally, claimant contends that the Board found no facts to support its ruling on compensability, because it simply adopted the ALJ's very limited findings of fact. ORS 183.470(2) supports claimant's argument that the Board's order must contain findings of fact. *See Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). It provides that

> "[a] final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

Thus, if the Board found no facts to support its decision, we would have to remand the case to the Board for it to make findings. ORS 183.482(8)(b)(C). We conclude, however, that the Board actually made findings and listed them in the "Conclusions of Law and Opinion" section of its order. Those findings briefly list the statements of claimant's doctors of their opinions about the major contributing cause of his need for a total knee replacement. Based on those medical opinions, the Board concluded that claimant had not met his burden to show that the compensable injury was the major contributing cause of his disability or his need for a knee replacement. While the basis for the order would have been clearer if the Board's findings had been specifically set out as findings, we do not consider that shortcoming to violate ORS 183.470(2) in this case.

■     Claimant also contends that the Board erred in determining that his combined condition was not compensable. Based on ORS 656.005(7)(a)(B) and *SAIF v. Nehl*, 148 Or App 101, 939 P2d 96, *on recons* 149 Or App 309, 942 P2d 859 (1997), *rev den* 326 Or 389 (1998), claimant argues that the Board improperly focused only on whether the 1995 workplace accident was the major contributing cause of the disability, rather than also addressing whether it was the major contributing cause of the need for treatment. We disagree.

Under ORS 656.005(7)(a)(B), a combined condition is compensable only if "the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition." In its order, the Board addressed both whether the compensable injury was the major contributing cause of the claimant's disability and whether it was the major contributing cause of his need for treatment. It found in the negative as to both issues. We cannot conclude that the Board failed to apply the standard that it explicitly set out in its order.

Claimant also asserts that *Nehl* significantly broadened the situations in which a combined injury would be compensable and, therefore, that this case should be remanded so that the parties can submit arguments based on the new law established in *Nehl*. The holding in *Nehl*, however, simply

explains the language in the statute. It is not new law as claimant contends.

In modifying our original opinion in *Nehl*, 148 Or App 101 (*Nehl I*) we stated that, under ORS 656.005(7)(a)(B), the "extent of claimant's preexisting condition is weighed against the extent of his on-the-job injury in determining which of the two is the primary cause of his need for treatment of the combined condition." *Nehl*, 149 Or App at 312 (*Nehl II*). We further clarified that "a claimant needs to establish more than the fact that a workplace injury *precipitates* a claimant's need for treatment in order to establish the compensability of his combined condition." *Id.* at 313. In effect, claimant appears to be arguing, based largely on language in *Nehl I*, that the fact that his on-the-job injury precipitated his need for treatment should render the requested treatment compensable. That argument is in direct conflict with *Nehl II*. We conclude that the Board applied the proper standard in evaluating claimant's combined condition and that *Nehl II* did not alter that standard.

**6.** We next address claimant's contention that the Board's finding is not supported by substantial evidence. Under ORS 656.266, a claimant has "[t]he burden of proving that an injury or occupational disease is compensable." As noted previously, ORS 656.005(7)(a)(B) sets out the specific showing required for combined conditions:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong a disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

*Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995), and *Nehl II*, clarify that "major" is equivalent to "primary" and that the statute requires the factfinder to quantify the causes to see which is the primary one. In this case, we conclude that a rational person could determine, based on the record, that claimant had

not met his burden to establish that his workplace injury was the primary cause of his need for a total knee replacement.[2]

According to the record, Jones and Mohler had first discovered the degenerative joint disease in claimant's right knee during treatment of claimant's 1995 injuries. Weintraub also diagnosed claimant with the condition. In denying claimant's request for total right knee surgery, employer relied on Weintraub's statement that the preexisting condition was the major cause of his current combined condition. Jones subsequently concurred with that statement. Jones also stated that the injuries sustained from the 1995 fall at the workplace would have been much less likely to occur in the absence of the preexisting condition, that the preexisting condition may have eventually required a total knee replacement (even if the 1995 workplace fall had never occurred), and that claimant's current symptoms, which are the reason that he would benefit from a total knee replacement, increased markedly as a result of the 1995 fall.

Many of the doctors' statements directly support the Board's conclusions. Specifically, Jones concurred with Weintraub's statement that the major contributing cause of claimant's condition was the preexisting degenerative condition. Moreover, unlike the situation in *Nehl*, the Board could conclude that the preexisting condition could well have caused claimant's current symptoms even without any additional injury. Admittedly, it is also possible that claimant would not have needed the knee replacement were it not for the compensable injury. However, none of the doctors indicated that that was the case, and the burden to make that showing rested with claimant. A rational person could conclude, based on the record, that claimant had failed to prove that it was more probable than not that the 1995 workplace injury was the major contributing cause of his need for a total knee replacement.

Affirmed.

---

[2] Claimant does not allege that the 1995 workplace injury was the major contributing cause of the disability of the combined condition.