Argued and submitted March 5, reversed and remanded July 31, 2002

In the Matter of the Compensation of
Steven M. Kenimer, Claimant.

Steven M. KENIMER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Hunter-Davisson, Inc.,
*Respondents.*

99-01862; A113239

51 P3d 632

Charles Robinowitz argued the cause and filed the briefs for petitioner.

Jerome Patrick Larkin argued the cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant seeks review of a Workers' Compensation Board order that upheld SAIF's denial of his right knee condition. We review for substantial evidence and errors of law, ORS 183.482(8), and reverse and remand.

We summarize the facts from the board's order and the record. Claimant has worked for employer as an air conditioning and ventilation installer since 1982. In October 1998, claimant was renovating an air conditioning system, a job that required him to squat and kneel for long periods of time. On October 8, 1998, as claimant got up from a squatting position, he felt a sharp pain in his right knee. Throughout the day claimant's knee continued to cause him pain and made it difficult for claimant to walk. The next day claimant's knee was swollen.

The following week, claimant went to his family doctor, Dr. Benz, who in turn referred claimant to Dr. Smith. Both doctors believed that claimant had torn the lateral meniscus in his right knee. Smith referred claimant to Dr. Hayes, an orthopedic surgeon, for further examination and treatment. Hayes diagnosed claimant with a medial meniscus tear and early degenerative joint disease in the right knee.

At SAIF's request, claimant was examined by Dr. Coletti. Like Hayes, Coletti diagnosed a degenerative condition that preexisted claimant's October 1998 work activity. Because of the sudden onset of pain claimant suffered, Coletti also suspected that claimant had suffered an acute medial meniscus tear. According to Coletti, if there was an acute tear, then the major contributing cause of claimant's need for treatment was the October work incident. If there was no tear, the major contributing cause of the need for treatment was claimant's preexisting condition. To determine if an acute tear existed, Coletti recommended that claimant undergo an MRI or arthroscopy on his right knee.

An MRI was performed, and, after reviewing it, Hayes continued to recommend surgery. Coletti's opinion was that the MRI did not show a torn medial meniscus and that the major contributing cause of claimant's need for

treatment was the preexisting degenerative condition. Based on Coletti's analysis, SAIF denied the claim in February 1999.

Coletti was deposed in May 1999. At his deposition, Coletti conceded that, "it's possible, and I think only arthroscopy would answer this question, that he may have an acute tear superimposed upon the degenerative change."

In January 2000, Dr. James, another orthopedic surgeon, reviewed the medical record for SAIF. When asked whether claimant had a combined condition, James responded:

"I do feel there was a combining of [claimant's] work in October 8, 1998, with his pre-existing degenerative joint disease. With the onset of the acute swelling, this would suggest that there was some additional injury to the medial compartment in addition to the already pre-existing degenerative condition, resulting in an inflammatory process and swelling. It is quite likely that his work activities, working on his knees, squatting and kneeling, caused some additional injury to his already degenerated medial meniscus."

James was then asked to "weigh the relative contribution of both [claimant's] pre-existing degenerative joint disease and his work activity of October 8, 1998, to his total combined condition. What is the major contributing cause of his condition *and* need for treatment?" (Emphasis added.) James responded that "the major contributing cause of the total combined condition is due to his pre-existing degenerative joint disease." Later in James's report, he stated:

"In summary, I do feel [claimant] very clearly had a pre-existing degenerative condition of the medial compartment of the right knee with pre-existing degenerative changes in the medial meniscus, as well. This significantly predisposed his meniscus to recurrent injury, and his work activities of October 8, 1998, probably did (greater than 51% chance) create some additional tear of the medial meniscus, *resulting in the swelling and symptoms.*" (Emphasis added.)

Hayes was deposed in May 2000. The following exchange occurred between SAIF's attorney and Hayes:

"[COUNSEL]:   * * * And when you're looking at major contributing cause, you have to look at everything, all his

life experiences, playing football, basketball, baseball, working at home, shopping, walking, squatting, everything in its totality * * * in that analysis. And when you look at all that and the fact that there's never been an arthroscopy done for a final diagnosis, can you give an opinion as to the major cause, major contributing cause?

"[HAYES]: I can try. From my history, my interpretation was that the work injury was the major contributing cause of this specific situation. Now, if we look at my November '98 report, the history I obtained was that as he was squatting and kneeling he had a severe pain in his knee and that night the knee swelled up and was worse the next day and he went into his doctor who sent him to us.

"So he appears to have had an event that made his knee a lot worse that day and the following causing him to go to his doctor where he had not been for who knows how long and perhaps never because of this so-called degenerative knee. So something happened which—which provoked him to go to the doctor. And the findings that I observed were suspicious for—for a torn cartilage and so I made that conclusion. And the MRI was somewhat supportive.

"Now, if you really want to talk about the degenerative part, you gotta look at the x-rays. Because the x-rays clearly do show that he has some degeneration. He has * * * about 40 percent narrowing in the medial joint space and he's also bowlegged so that overloads his medial compartment. And so he does clearly have a predisposing, if you will, degenerative knee problem that may or may not have bothered him much.

"But I wasn't treating his degenerative condition, I wasn't treating his bowleggedness, nor his 40 percent narrowing of the joint space. I was treating the acute, painful, swollen knee that occurred while he was squatting or kneeling on the one episode that he experienced sharp pain and had to go to the doctor a day later for swollen knee."

After a hearing, the administrative law judge (ALJ) upheld SAIF's denial. In her analysis of James's report, the ALJ concluded that, "James thought that the work incident probably caused some additional tearing but considered the pre-existing condition as the major contributing cause of the *need for treatment* of the 'total combined condition.'" (Emphasis added.) The ALJ ultimately held that:

"Dr. Coletti's and Dr. James's explanations for claimant's symptoms on October 8, 1998 are just as reasonable and persuasive as that of Dr. Hayes. Thus, I consider the medical opinions to be in equipoise; as such, claimant did not carry his burden of proving that the work incident was the major contributing cause of the need for treatment of the combined condition." (Footnote omitted.)

The board adopted and affirmed the ALJ's opinion[1] with supplementation. In its supplementation, the board stated that Hayes's apparent "but for" analysis was insufficient under *Dietz v. Ramuda,* 130 Or App 397, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995).

On judicial review, claimant's first assignment of error is that the board's analysis of James's opinion is not supported by substantial evidence. Specifically, claimant argues that substantial evidence does not support the board's conclusion that James believed that the major contributing cause for the *need for treatment* was the preexisting condition.

■ ORS 183.482(8)(c) provides that "[s]ubstantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." In order for us to review for substantial evidence, "we must be able to know what the [b]oard found as facts and why it believes that its findings led to the conclusions that it reached. That requires a reasoned opinion based on explicit findings of fact." *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).

In *SAIF v. Nehl,* 148 Or App 101, 106, 939 P2d 96, *on recons* 149 Or App 309, 942 P2d 859 (1997), *rev den* 326 Or 389 (1998), we explained that a claimant's combined condition is compensable if the work injury, when weighed against the preexisting condition, is the major contributing cause of the need for treatment of the combined condition. *See* ORS 656.005(7)(a)(B).[2]

---

[1] Hereafter we refer to the ALJ and the ALJ's opinion as the board and the board's opinion, respectively.

[2] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a pre-existing condition to cause or prolong disability or a need for treatment, the

Here, in a letter from SAIF, James was asked, "What is the major contributing cause of his condition and need for treatment?" James responded that "the major contributing cause of the total combined condition is due to his pre-existing degenerative joint disease." That answer did not address claimant's need for treatment. However, with regard to claimant's combined condition, James explained that, "[w]ith the onset of the acute swelling, this would suggest that there was some additional injury * * * in addition to the already pre-existing degenerative condition, resulting in an inflammatory process and swelling," and that "[i]t is quite likely that his work activities, working on his knees, squatting and kneeling, caused some additional injury." Later in his report, James summarized that "[claimant's] work activities of October 8, 1998, probably did (greater than 51% chance) create some additional tear of the medial meniscus, resulting in the swelling and symptoms." Despite those statements, the board concluded that James's opinion was that the major contributing cause of the *need for treatment* was the preexisting condition and that his opinion was persuasive.

We cannot review for substantial evidence if we cannot discern an agency's rationale. *Armstrong*, 90 Or App at 205; *see also SAIF v. Bryant*, 173 Or App 402, 407, 21 P3d 1104 (2001) (while the board has the authority to interpret ambiguous medical reports, it must provide sufficient explanation of its interpretation to meet the test of substantial reason). Without any explanation, we do not understand why the board found that James's opinion was that the major contributing cause of claimant's *need for treatment* was the preexisting condition. Rather, James's report appears to conclude that the major contributing cause of claimant's need for treatment, *i.e.*, the swollen and painful knee, was the work injury. The board found James's report persuasive but inexplicably disregarded portions of his report that appear to support a contrary finding. The board may be able to explain its reasoning sufficiently. However, we will not read between the lines to discern the board's rationale. *SAIF v. Fister*, 177

combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the *major contributing cause of the need for treatment of the combined condition.*" (Emphasis added.)

Or App 13, 20, 13 P3d 320 (2001). Thus, we cannot determine whether the board's treatment of James's opinion is supported by substantial evidence until the board provides sufficient explanation.

Claimant's second assignment of error is that substantial evidence does not support the board's finding that "Hayes simply relied on a precipitating cause, or a 'but for' analysis" and that Hayes did not "evaluate[ ] the relative contribution of all potential causes."[3] Despite our resolution of claimant's first assignment of error, we also address claimant's second assignment of error because the issue will likely arise on remand to the board.

■      The board stated that Hayes's opinion was insufficient because Hayes did not evaluate the relative contribution of all potential causes. In his deposition, however, Hayes was specifically asked by SAIF's attorney to give his opinion of major contributing cause by "look[ing] at everything, all his life experiences." Hayes responded that, based on the history of claimant that he had and the acute onset of the pain and swelling, his opinion was that the "work injury was the major contributing cause of this specific situation." Hayes acknowledged that claimant had a preexisting degenerative condition in his knee that predisposed the claimant to injury and also that claimant's need for treatment was an "acute, painful, swollen knee" and not the preexisting condition.

Considering the whole record, including the specific nature and context of the question and answer, there is only one reasonable interpretation of the basis for Hayes's opinion and that is that Hayes considered all potential causes in his determination. *See SAIF v. Paxton* 154 Or App 259, 959 P2d 634 (1998) (where there was only one reasonable interpretation of doctor's opinion regarding cause of claimant's hearing loss and the board found the doctor's opinion to be otherwise, the board's finding was not supported by substantial evidence). Therefore, substantial evidence is lacking to support

---

[3] Additionally, claimant's second assignment of error contended that the board erred, as a matter of law, in holding that Hayes's opinion was legally insufficient under *Dietz*. Because we do not find substantial evidence to support the factual basis of the board's legal ruling, we do not decide that issue.

the board's finding that Hayes did not evaluate the relative contribution of all potential causes.

We cannot say whether the board would reach the same conclusion in light of our holding with respect to James's and Hayes's medical opinions; therefore we remand for reconsideration. *See Bryant*, 173 Or App at 408 (remanded for reconsideration where board did not provide sufficient explanation for its interpretation of a medical opinion).

Reversed and remanded.