Argued and submitted on December 20, 2004, affirmed December 28, 2005

In the Matter of the Compensation of
Roy M. Crawford, Claimant.

ALLIED WASTE INDUSTRIES, INC.,
*Petitioner,*

*v.*

Roy M. CRAWFORD,
*Respondent.*

02-05844; A123879

125 P3d 794

Jerald P. Keene argued the cause and filed the briefs for petitioner.

David Hittle argued the cause and filed the brief for respondent. With him on the brief was Swanson, Lathen, Alexander & McCann.

Before Haselton, Presiding Judge, and Ortega, Judge, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

**DEITS, J. pro tempore**

Employer seeks review of a Workers' Compensation Board order setting aside employer's denial of claimant's claim for a combined condition of an L4-5 herniated disc. ORS 656.298 (2003), *amended by* Or Laws 2005, ch 188, § 3. The board concluded that claimant's work injury, not his pre-existing degenerative disc disease, was the major contributing cause of the disability or need for treatment of the condition. ORS 656.005 (7)(a)(B).[1] We affirm.

We take the following undisputed findings from the order issued by the ALJ and adopted by the board:

"Claimant is 58 years old. Since 1972, he has worked for employer as a garbage truck driver. His duties in that job have included climbing up and down from a garbage truck as well as lifting garbage containers.

"Prior to March 6, 2002, claimant occasionally had low back pain for up to several days. However, he had not had low back pain that went down a leg and he had not * * * been diagnosed with, or treated for, lumbar degenerative disc disease.

"On March 6, 2002, during his work for employer, claimant felt a twinge in his low back when he manually lifted up on and then pushed an empty steel dumpster. He subsequently developed low back pain that progressively worsened during the course of his workday.

"Claimant sought treatment for his low back after work on March 6, 2002. His complaints then included pain that traveled through his right buttock to the back of his knee. [His treating doctor] diagnosed a probable lumbosacral strain. * * *

"* * * * *

"By April 2002, claimant developed numbness and tingling in his right leg with activity.

---

[1] Before the board, the parties disputed whether claimant's degenerative disc disease should be considered a preexisting condition under ORS 656.005(7)(a)(B). The board noted that it did not reach that issue in light of its conclusion that the L4-5 disc herniation was compensable under a major contributing cause standard.

"On April 23, 2002, an MRI exam showed that claimant had degenerative disc disease from L3 through S1 and a posterior disc herniation at L4-5[.]"

Employer initially accepted the March 6, 2002, claim as a nondisabling lumbosacral strain. However, it thereafter modified its acceptance to include a "low back strain combined with preexisting, unrelated, multiple level degenerative disc disease." Employer ultimately denied compensability of the claim because the low back strain was no longer the major contributing cause of claimant's disability or need for treatment for the combined condition. That denial, which the board upheld, is not at issue in this case.

Claimant also requested acceptance of his L4-5 disc herniation as part of the claim for the March 6, 2002, work injury. Employer denied claimant's request to add the L4-5 disc herniation to the conditions that it had accepted. Employer advised claimant that "medical evidence in your file indicates that the major contributing cause of your disc herniation is not your work activities for [employer]." Claimant sought review of that denial. After hearing the matter, the ALJ concluded that the work injury was the major contributing cause of the disability or need for treatment. Consequently, the ALJ set aside employer's denial of the March 6, 2002, claim as it pertained to the L4-5 disc herniation. The board adopted the ALJ's findings and conclusions and affirmed the ALJ's order. ORS 656.295(6).

■      Employer assigns error to the board's holding that employer's denial of the L4-5 disc herniation should be set aside. Employer argues that the board erred in concluding that the medical evidence was adequate to prove that claimant's work injury was the major contributing cause of the disability or need for treatment under ORS 656.005(7)(a)(B). Specifically, employer contends that neither substantial evidence nor substantial reason supports the board's reliance on one doctor's conclusion that the work injury was the major contributing cause of the need for treatment and its finding that that doctor's conclusion was *not* based solely on the temporal relationship between the work injury and the onset of claimant's symptoms. Employer also argues that, in reaching

the conclusion that claimant's work injury was the major contributing cause of the condition, the board misapplied the requirements of the statute.

The pertinent statute in this case is ORS 656.005(7)(a)(B), which provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Under that statute, in order to establish that a work injury is the major contributing cause of the need for treatment of a combined condition, the evidence must demonstrate that the work injury contributed more to the disability or need for treatment than did all other nonwork related causes. *Robinson v. SAIF*, 147 Or App 157, 162, 935 P2d 454 (1997). We have also concluded that, in determining major contributing cause, it is not permissible to consider only the precipitating cause of the condition. Rather, the statute requires that, in determining the major contributing cause, the contribution of each of the potential contributing causes of the disease or injury must be assessed and weighed. *Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed*, 321 Or 416 (1995). As we explained in *SAIF v. Strubel*, 161 Or App 516, 520-21, 984 P2d 903 (1999):

"ORS 656.005(7)(a)(B) requires an assessment of the major contributing cause, which involves evaluating the relative contribution of different causes of an injury or disease and deciding which is the primary cause. Whether a preexisting condition or an on-the-job injury is the major contributing cause of a worker's condition is the sort of complex medical question that ordinarily requires expert testimony. Hence, the Board generally must rely on evidence from medical experts to make that determination[.] * * *

"* * * The medical expert must take into account all contributing factors in order to determine their relative weight."

(Citations omitted.)

Employer argues that the evidence in this case does not show that the doctor, Dr. Collada, assessed and weighed the relative contribution of each of the potential causes of claimant's condition. Rather, according to employer, the evidence demonstrates that Collada relied solely on the temporal relationship between the work injury and the onset of claimant's symptoms. Employer asserts that Collada, in fact, emphasized and specifically identified the timing of the symptoms as the controlling factor in causing him to conclude that the work injury was the major contributing cause. Employer contends that, based on this record, there is not substantial evidence to support the board's finding that Collada did not rely solely on the temporal relationship.

As we have discussed, employer is correct that a temporal relationship between an injury and the onset of claimant's condition does not necessarily mean that the injury was the major contributing cause of a claimant's condition. *Schuler v. Beaverton School District No. 48J*, 334 Or 290, 297, 48 P3d 820 (2002); *Dietz*, 130 Or App at 401; *Robinson*, 147 Or App at 162. However, as we explained in *SAIF v. Britton*, 145 Or App 288, 293, 929 P2d 1058 (1996), "[u]nder ORS 656.005(7)(a)(B), the quantitative contribution of each cause, *including the precipitating cause*, must be weighed to establish the primary cause of claimant's need for treatment." (Emphasis in original.) Accordingly, the temporal relationship between a work injury and the onset of symptoms is one factor that should be considered and weighed in determining the major contributing cause of a combined condition. In some cases, it may be the factor that weighs more heavily than any others.

■　　　Under our case law, if Collada had relied solely on the temporal relationship in concluding that claimant's work injury was the major contributing cause of claimant's combined condition and had not discussed the contribution of other potential causes, the board would have erred in concluding that claimant had met the requirements of the statute for establishing that his work injury was the major contributing cause of the disability or need for treatment. As noted above, however, the board specifically found that

Collada did *not* rely solely on the temporal relationship. Accordingly, the critical issue in this case is whether that finding by the board is supported by substantial evidence. "[S]ubstantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding." *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990); ORS 183.482(8)(c).

The evidence here shows that Doctors Strum, Donovan, and Collada provided opinions regarding claimant's condition. All three doctors examined claimant and reviewed his medical records. Strum concluded that the preexisting degenerative disc disease, and not the March 6, 2002, work injury, was the cause of the L4-5 disc herniation. Donovan agreed with Strum. Collada concluded that the work injury was the major contributing cause of the condition. Responding to claimant's attorney's question as to whether claimant's work incident was the major contributing cause of the herniation, Collada explained:

> "[Claimant] has clear degenerative changes of the lumbar spine and in addition is substantially overweight. The MRI shows significant degenerative changes from L3-S1 with a more prominent disc protrusion at the right L4-5 region.
>
> "In that the patient gives a history of having developed back and right leg symptoms only after a work injury then I would have to think that even though he had significant preexisting degenerative changes, that the work injury was the major cause of the right L4-5 disc protrusion that has caused back and right leg symptoms. If there is history this patient had problems with back and right leg symptoms in the past then this would, of course, be negated.
>
> "I realize that with a gentleman of his size with degenerative changes, a herniated disc can happen without an injury but with the patient who had been asymptomatic and then having symptoms after the injury, it would be impossible to not connect these dots and make a strong connection with this being the major relationship to the right L4-5 protrusion."

The board concluded that Collada's opinion was "the most persuasive" opinion and gave four reasons for reaching that conclusion:

"First, Dr. Collada's explanation is the most logical in light of the strong temporal relationship between claimant's work injury and the onset of his symptoms. Those opinions that are more logically explained are entitled to greater weight. Dr. Collada considers the strong temporal relationship between the lifting injury at work and the onset of claimant's symptoms. He persuasively explains that 'with a gentleman of his size with degenerative changes, a herniated disc can happen without an injury but with the patient who had been asymptomatic and then having symptoms after the injury, it would be impossible to not connect these dots and make a strong connection with this being the major relationship to the right L4-5 disc protrusion.'

"In contrast to Dr. Collada, Dr. Strum does not address the import of the temporal relationship. Dr. Donovan concurs with Dr. Strum's conclusions. However, she, too, does not discuss the import of the temporal relationship.

"Second, Dr. Collada relies on more than simply the temporal relationship between the injury and claimant's symptoms. Medical opinions that are based solely on a temporal relationship are generally not persuasive. Dr. Collada, though, understands the mechanism of injury. Further, he considers the nature and significance of claimant's preexisting conditions, the likelihood that the L4-5 disc herniation has caused back and right leg symptoms, the absence of such symptoms prior to the work injury, and the presence of those symptoms afterwards.

"Third, Dr. Strum is inconsistent about whether the L4-5 disc herniation has been contributing to claimant's symptoms, disability, and need for treatment. He diagnoses claimant's symptoms as most consistent with right S1 nerve root radiculopathy. He initially concluded that the L4-5 herniation would be in a position to compromise the right S1 nerve root. However, he later concludes that S1 nerve root symptoms do not correlate with claimant's L4-5 pathology. He does not explain this inconsistency.

"Fourth, Dr. Collada has relied on an accurate history. Those opinions that are based on an accurate history are entitled to greater weight. Dr. Collada understands that claimant did not have back *and* right leg symptoms until after the work injury on March 6, 2002. Claimant accurately told Dr. Collada that he had had some prior back

problems on and off related to his strenuous employment but had been doing fairly well until his work injury, when he developed symptoms not only in his back but also in his right leg.

"In light of these factors, Dr. Collada's opinion that the work injury has been the major cause related to the L4-5 disc herniation is persuasive."

(Emphasis in original; citations omitted.)

It is apparent from Collada's report, as well as the board's discussion, that he was aware of and, in fact, discussed the other possible causes of claimant's condition. Nonetheless, Collada's report does not explicitly assess or weigh the contribution of the various possible causes. This would be a far easier case had he done so. The question before us, however, is not how we might read Collada's report and the other medical evidence. Rather, our review is limited to deciding if the board reasonably could have concluded, based on the evidence in this record, that Collada's opinion regarding causation was not based solely on the temporal relationship between the on-the-job lifting incident and the L4-5 disc protrusion, but that he did in fact weigh the relative contribution of the other potential causes against the contribution of the work injury.

In *Kenimer v. SAIF*, 183 Or App 131, 51 P3d 632 (2002), we considered a similar issue. In that case, one of the questions presented was whether one of the board's findings was supported by substantial evidence. The board finding at issue was that one of the medical experts, Hayes, relied solely on a precipitating cause analysis and did not evaluate the relative contribution of all potential causes in concluding that the claimant's work injury was the major contributing cause of his need for treatment. We concluded that the finding was not supported by substantial evidence. We explained:

"[The doctor] was specifically asked * * * to give his opinion of major contributing cause by 'look[ing] at everything, all his life experiences.' [The doctor] responded that, based on the history of claimant that he had and the acute onset of the pain and swelling, his opinion was that the 'work injury was the major contributing cause of this specific situation.' [The doctor] acknowledged that claimant had a preexisting

degenerative condition in his knee that predisposed the claimant to injury and also that claimant's need for treatment was an 'acute, painful, swollen knee' and not the preexisting condition.

"Considering the whole record, including the specific nature and context of the question and answer, there is only one reasonable interpretation of the basis for the [doctor's] opinion and that is that [the doctor] considered all potential causes in his determination."

*Kenimer*, 183 Or App at 138; *see also Worldmark The Club v. Travis*, 161 Or App 644, 651, 984 P2d 898 (1999) (where doctor was asked to "weigh the contribution of the work injury against claimant's preexisting condition[,] * * * it was reasonable for the Board to conclude that [the doctor] determined that the work injury was not only the precipitating cause but was also the primary cause of the combined condition"); *SAIF v. Strubel*, 161 Or App at 521 (the board's conclusion that the work injury was the major contributing cause of the need for treatment was supported by the doctor's opinion that, "given his understanding of claimant's [preexisting] condition over the last ten years, including the fact that claimant had been completely asymptomatic, he believed that claimant's work injury was the most likely major contributing cause of claimant's symptoms").

Here, Collada was aware of and considered all of claimant's history. His opinion shows that he considered the fact that claimant was overweight, his past back complaints, his preexisting degenerative disc disease, the fact that "a herniated disc can happen without injury," as well as the temporal relationship of his work injury to the symptoms that coincide with the L4-5 disc herniation. This is not a case where the doctor points to the temporal relationship of the work injury and the symptoms and ends the discussion without reference to any other potential causative factors. Employer argues that Collada did not discuss those other factors as potential causes of the L4-5 herniated disc. However, as discussed above, the board found that Collada considered "the nature and significance of claimant's preexisiting conditions," and there is evidence in the record to support that finding.

It is true, though, that, after discussing the other potential causes, Collada did not explicitly assess or weigh the relative contribution of all of the potential causes that he discussed. In some instances, that approach may not be sufficient to support a finding of major contributing cause. Here, though, as in our cases discussed above, the context in which Collada rendered his opinion allows a reasonable person to conclude that he did weigh the relative contributions of the work incident and the other contributing causes. As in *Kenimer,* Collada's report was given in response to a specific request by counsel to determine the major contributing cause. In view of that, as well as the fact that the record shows that Collada was aware of and discussed the other potential causes, we hold that the board could reasonably conclude that Collada's opinion regarding causation was not based solely on the temporal relationship between the on-the-job lifting incident and the L4-5 disc herniation. Admittedly, the record on this issue is susceptible to more than one reading. However, one reasonable reading of this record is that, by concluding that claimant's work incident was the major contributing cause, Collada implicitly concluded that the temporal relationship of the lifting incident and the onset of the condition did weigh more than the other contributing factors in causing claimant's combined condition. Accordingly, we hold that there was substantial evidence to support the board's finding.

Employer argues that this case cannot be distinguished from our decision in *Robinson.* In *Robinson,* however, the medical doctor opined that it was impossible for him to tell what caused the claimant's need for treatment, but that the work injury was what brought the claimant to the doctor's office, "and that [the work injury] was the major cause of claimant going from an asymptomatic state to a one that was symptomatic." 147 Or App at 163. We concluded that, based on the evidence in that case, the board was right that the claimant did not meet his burden of proof. We explained:

> "Here, Scharpf could not say what was the major cause of claimant's hernia. He was only able to agree that claimant's work activity was the major cause of claimant's 'symptoms and problems,' that it was what brought him to Scharpf's

office, and that it was the major cause of claimant going from an asymptomatic state to a one that was symptomatic. That testimony shows that claimant's work injury precipitated his need for treatment. However, it does not ineluctably establish that claimant's work injury, when weighed against his preexisting condition, was the major cause of claimant's need for treatment of his combined condition."

*Id.* Here, in contrast to the circumstances in *Robinson*, Collada did not state that he could not determine the major cause of claimant's condition. He specifically concluded that the work injury was the major contributing cause of claimant's need for treatment, after discussing all of the factors and at least implicitly finding that the temporal factor was the best indicator of major causation.

Employer also argues that the board's order lacked substantial reason. Employer asserts that in explaining its determination that Collada relied on more than the temporal relationship between the lifting incident and the L4-5 disc herniation, the board itself did no more than rely on the temporal relationship. As can be seen from the board's findings quoted above, the board did find the temporal relationship to be a highly persuasive factor in these circumstances.[2] Nonetheless, the board also relied on the fact that Collada was aware of and discussed other contributing factors. The board also discussed reasons why the other medical opinions in the case were not as persuasive as that of Collada. Although we have held that the precipitating cause of a condition cannot be the sole factor in determining major contributing cause, we have not held that it cannot be a highly persuasive factor in a case, as it apparently was here to Collada and the board. We conclude that the board's decision here was supported by substantial reason.

Employer also makes a closely related argument in its assignment of error that the board committed legal error in applying ORS 656.005(7)(a)(B). Employer's position is that, in concluding that the record was adequate to establish

---

[2] There are portions of the board's order that are not entirely clear. For example, the board relies on the fact that Collada relied on and understood the "mechanism of injury." These terms are not further explained by the board. Our review of the board's reasoning would be greatly assisted by more complete explanations of such terms.

that claimant's work injury was the major contributing cause of the claimant's condition, the board essentially equated "precipitating cause" with "major contributing cause." As we have discussed, that would be an improper application of the law. However, in view of our conclusion that there was substantial evidence to support the board's finding that Collada did not rely solely on the temporal relationship of the lifting incident in reaching his conclusion and our conclusion that the board's order was supported by substantial reason, it follows that the board did not commit legal error in applying the statute.

Affirmed.