Argued and submitted February 23, affirmed October 5, petition for review allowed
December 20, 1994 (320 Or 492)
See later issue Oregon Reports

In the Matter of the Compensation of
Robert L. Dietz, Claimant.

Robert L. DIETZ,
*Petitioner,*

*v.*

RAMUDA
and SAIF Corporation,
*Respondents.*

(92-09712; CA A81010)

882 P2d 618

Floyd H. Shebley argued the cause and filed the brief for petitioner.

David L. Runner, Assistant Attorney General, argued the cause for respondent SAIF Corporation. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent Ramuda.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of his claim for compensation for a heart attack that occurred after he was exposed to smoke while on the job. We affirm.

Claimant, who was 63 years old at the time of hearing, worked at employer's meat processing plant for 18 years. In January, 1992, during the course of his work, he breathed smoke from an electrical fire for approximately seven minutes. Within a few minutes of the exposure to the smoke, he began to cough, was nauseated and felt chest pain. He was taken to the hospital where it was determined that he was having an "acute, inferior-wall, myocardial infarction." Claimant was treated and was off work for about four months as a result of the condition. Before the January, 1992, incident, claimant had been diagnosed with coronary artery disease that significantly obstructed his coronary arteries. However, that condition had been asymptomatic.

Claimant sought workers' compensation benefits for the heart attack as well as the resulting disability and need for treatment. SAIF, on behalf of the noncomplying employer, denied the claim. Claimant requested a hearing, which was held in October, 1992. The referee upheld SAIF's denial, holding that the claim was for an occupational disease and that claimant had failed to prove that his work activities were the major contributing cause of the heart attack. The Board also upheld the denial. It held, however, that it was not necessary to decide if this was an occupational disease claim or an injury claim, because claimant had a preexisting coronary artery disease. Accordingly, the Board concluded that even if the claim is an injury, it must be considered under ORS 656.005(7)(a)(B) and that, under that statute, the condition is compensable only if the work activity is the major contributing cause of the claimant's disability or need for treatment. The Board concluded that claimant had failed to prove that the smoke incident at work was the major contributing cause of his heart attack and consequently upheld SAIF's denial of the claim.

■■ Claimant argues first that the Board applied the wrong legal standard in analyzing this claim. He contends

that the Board should have applied a material contributing cause standard rather than a major contributing cause standard because his claim is for an injury, not an occupational disease. In this case, however, the major contributing cause standard is applicable regardless of whether this is a claim for an injury or a disease. A major contributing cause standard applies if this is a disease claim. Further, even assuming that claimant is correct that this is an injury claim,[1] it is undisputed that claimant had a preexisting condition. Under ORS 656.005(7)(a)(B), which applies when a compensable injury combines with a preexisting condition, the inquiry is whether the work incident was the major contributing cause of claimant's condition. *Tektronix, Inc. v. Nazari,* 117 Or App 409, 412, 844 P2d 258 (1992), *mod* 120 Or App 590, 853 P2d 315, *rev den* 318 Or 27 (1993). The Board did not err in applying the major contributing cause standard.

■ Claimant next argues that even if the major contributing cause standard is applicable here, the Board erred as a matter of law in concluding that his work activities were not the major contributing cause of his heart attack. He argues:

"Five doctors have addressed the issue of medical causation. All of them agree that claimant's work activities on January 13, 1992 caused or precipitated his myocardial infarction. Thus, Dr. Dantas says the 'incident was probably precipitated by his smoke inhalation'; Dr. DeMots states that claimant probably would not have had a heart attack on January 13 'if he had not been exposed to the smoke at work'; Dr. Browning reports claimant's heart attack was 'directly precipitated on 1-13-92 by the physiologic stresses of smoke inhalation during which time the patient was transiently hypoxic'; Dr. Grover's 'strong opinion that [claimant's] heart attack was precipitated by smoke inhalation on 1/13/92' and this attack would not have occurred 'at that time without this smoke inhalation'; and Dr. Toren feels 'it is likely that his smoke inhalation contributed in a significant way to his having had the infarction when he did." (Exhibit references omitted.)

Claimant asserts that, based on that evidence, as a matter of law, the only reasonable conclusion that the Board could reach was that claimant's work activities were the

---

[1] Under *Mathel v. Josephine County,* 319 Or 235, 875 P2d 455 (1994), it would appear that this claim constitutes an injury.

major contributing cause of his heart attack. Claimant's argument, however, depends on the assumption that it necessarily follows from the doctors' statements that the smoke incident "precipitated" his heart attack and, therefore, that the smoke incident was the major contributing cause of the heart attack. In essence, it is claimant's position that a work event that is the immediate cause of a disease or injury is always also the major cause. Following that reasoning, claimant asserts that because all of the doctors either said that the smoke incident caused or precipitated the heart attack, as a matter of law, the work incident was the major contributing cause of his heart attack. SAIF, on the other hand, contends that ORS 656.005(7)(a)(B) requires "a comparison of the relative contribution of the preexisting disease or condition and the work-related incident."

In determining the meaning of ORS 656.005-(7)(a)(B), we look first to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Subsection (B) provides:

"If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

■        The language of the statute supports SAIF's reading of it. The statute requires an assessment of the "major contributing cause." Generally, it has been held that determining the "major contributing cause" involves evaluating the relative contribution of different causes of an injury or disease and deciding which is the *primary* cause. *See McGarrah v. SAIF*, 296 Or 145, 675 P2d 159 (1983); *Dethlefs v. Hyster Co.*, 295 Or 298, 667 P2d 487 (1983); *Liberty Northwest Ins. Corp. v. Spurgeon*, 109 Or App 566, 820 P2d 851 (1991), *rev den* 313 Or 210 (1992). Under claimant's reading of the statute, an assessment of the relative contribution of different causes would not occur because the immediate cause would always be the major cause. We conclude that, although work activities that precipitate a claimant's injury or disease may be the major contributing cause, that is not necessarily always true. Under ORS 656.005(7)(a)(B), the

relative contribution of each cause, including the precipitating cause, must be evaluated under the particular circumstances. Accordingly, the Board did not err as a matter of law in its application of the major contributing cause test under ORS 656.005(7)(a)(B).

■ Finally, claimant argues that substantial evidence does not support the Board's finding that his preexisting condition was the major contributing cause of his heart attack and the resultant disability and need for treatment. We disagree. Although there is conflicting evidence in the record, the opinions of two doctors, DeMots and Toren, support the Board's conclusion that claimant's preexisting condition was the major contributing cause of the heart attack. The Board did not err in upholding SAIF''s denial.

Affirmed.