Argued and submitted December 15, 1998, affirmed July 7, 1999

In the Matter of the Compensation of
Jon B. Strubel, Claimant.

SAIF CORPORATION
and Interstate Distributor Co.,
*Petitioners,*

*v.*

Jon B. STRUBEL,
*Respondent.*

(97-03693; CA A101471)

984 P2d 903

David L. Runner argued the cause and filed the brief for petitioners.

David W. Hittle argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

SAIF seeks review of a decision by the Workers' Compensation Board that set aside SAIF's denial of claimant's claim. SAIF contends that the Board failed to apply the proper statutory test for a combined condition and, therefore, that the Board erred as a matter of law. We conclude that the Board applied the proper test and that the Board's conclusion is supported by substantial evidence. Accordingly, we affirm the Board's decision.

The administrative law judge (ALJ) found the following facts, which were adopted by the Board. Claimant, along with his wife, is a long-haul truck driver. They work as a team, delivering freight to various locations in the western United States from their base in Woodburn, Oregon. Claimant and his wife load and unload the freight, which is packed in totes that weigh up to 70 pounds. In early December 1996, claimant and his wife made three freight runs to stores in Arizona, California, and Utah. They made 31 deliveries in nine days, driving seven to eight thousand miles and loading and unloading many tons of freight. On December 18, 1996, they made a freight run to the Los Angeles area, during which they unloaded 30,000 pounds of freight in six hours.

On the return trip to Oregon, claimant's wife drove the first leg while claimant slept in the sleeper area of the cab. In the early morning hours of December 19, 1996, claimant's wife woke claimant so that he could drive. At that time, claimant noted that he had symptoms of pain and neck stiffness that worsened as he drove. Although claimant's neck pain gradually improved, the stiffness and pain radiated to his left shoulder and arm, where they persisted to the point that claimant sought medical attention. Among other doctors, claimant was examined by Dr. Thorsett, an orthopedic surgeon; Dr. Hubbard, a neurologist; Dr. Gardner, a neurologist; and Dr. Huff, an orthopedic surgeon. Gardner and Huff examined claimant as part of an independent medical evaluation (IME) requested by SAIF. Thorsett and Hubbard were claimant's treating physicians.

Claimant's condition was diagnosed as left C-6 radiculopathy and as a left C-6 soft disc herniation. Gardner and

Huff classified claimant's condition as a combined condition caused by underlying degenerative disc disease and work activity, but they attributed the major cause of the combined condition to the natural progression of the underlying degenerative disc disease. Although Thorsett initially concurred with the IME report—in a "check the box" form sent to him by SAIF—he later submitted a report to claimant's attorney in which he stated that the most likely major contributing cause of claimant's symptoms was a lifting injury associated with claimant's work as a truck driver. The ALJ found Thorsett's later report the more convincing and concluded that the major contributing cause of claimant's combined condition was an injury caused by claimant's work activities on or before December 18, 1996. He wrote:

"Compensability of the claim, in this case, is determined by medical causation. There is a split of medical opinion about whether claimant's work activities (lift and exertion while loading and unloading freight from the truck) or the pre-existing degenerative disc disease at the C5-6 level, and possibly the C4-5 level, was the major contributing cause which resulted in the disc herniation and, in turn, claimant's * * * disability and [need for] medical treatment. The reported opinions of Drs. Gardner and Duff, concurred in by Dr. Hubbard and initially Dr. Thorsett by unexplained 'check-the-box' reports, identify the major contributing cause as the pre-existing, underlying degenerative disc disease. Dr. Thorsett's later explained report identifies the major contributing cause as a 'lifting injury' associated with claimant's work at Interstate.

"I defer to the reported opinions of Dr. Thorsett about causal relationship. I am persuaded, based on the facts presented at hearing, that his reported opinions are more appropriate. Claimant had fully recovered, within one or two months, from any cervical problems he may have had during 1987. Thereafter, claimant had no permanent neck or cervical residuals and no further neck problems or symptoms until December 19, 1996. X-rays taken during 1987 revealed that his cervical area was 'normal.' Claimant's work activities as a truck driver at Interstate during December 1996, involving loading and unloading merchandise from the truck required 'substantial' lift and exertion. Although no specific injury occurred, and no one time event of specific trauma could be identified, the physical activity

requiring lift and exertion during December 1996 was at least a type of repetitive microtrauma to the neck or cervical area.[1] Last, Dr. Thorsett's July 28, 1997, reported opinion about causal relationship is explained. His concurrence with the [IME] report was not explained."

The Board adopted the ALJ's conclusions without amendment.

SAIF petitioned for review, contending that "the Board applied an incorrect legal standard or otherwise erred as a matter of law in concluding that Dr. Thorsett's opinion satisfied claimant's burden of proving major contributing cause under ORS 656.005(7)(a)(B)." ORS 656.005(7)(a)(B) provides:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

SAIF argues that, as a matter of law, Thorsett's opinion could not satisfy claimant's burden of proving that his work-related injury was the major contributing cause of the disability or need for treatment of his combined condition. In its view, Thorsett's opinion is legally inadequate because it does not properly assess the relative contribution of the different causes of claimant's condition but, rather, attributes claimant's need for treatment to the work injury because, before the December 18 trip, claimant's degenerative disc disease had been asymptomatic for 10 years.

■■ ORS 656.005(7)(a)(B) requires an assessment of the major contributing cause, which involves evaluating the relative contribution of different causes of an injury or disease and deciding which is the primary cause. *Dietz v. Ramuda,*

---

[1] Although claimant had not been able to identify a specific traumatic event that could have caused his condition, at hearing he argued that his condition was the result of an industrial accident as defined in *Valtinson v. SAIF*, 56 Or App 184, 641 P2d 598 (1982) ("sudden onset" component of definition of injury does not equate with instantaneous; injury can occur over discrete period of time).

130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995). Whether a preexisting condition or an on-the-job injury is the major contributing cause of a worker's condition is the sort of complex medical question that ordinarily requires expert testimony. *See Uris v. Compensation Department*, 247 Or 420, 424-26, 427 P2d 753 (1967) (where situation is such that cause and effect relationship of accident to injury would not immediately be apparent to layperson, expert testimony is required). Hence, the Board generally must rely on evidence from medical experts to make that determination and cannot attempt to supply its own diagnosis.

▆▆ Although work activities that precipitate a claimant's injury or disease *may* be the major contributing cause of the condition, that is not always the case. *Dietz*, 130 Or App at 401. The medical expert must take into account all contributing factors in order to determine their relative weight. At first reading, Thorsett's statement, that "the fact that [claimant] has been completely asymptomatic for many years would lead me to believe that the most likely major contributing cause to his symptoms was the lifting injury associated with his work[,]" appears to avoid that evaluation. However, the context in which the statement was made would permit the Board to conclude that Thorsett understood the necessary analysis and applied it properly.

Thorsett was responding to an inquiry by plaintiff's attorney, who had asked him to provide a diagnosis and an opinion as to "whether or not [Thorsett felt that claimant's] work activities at Interstate Distributing were in fact the major contributing cause of [claimant's] diagnosed condition." In his response, on which the ALJ relied, Thorsett provided a history of his treatment of claimant. Thorsett stated that he was aware of claimant's 1987 injury and was aware that x-rays taken in 1997 revealed some disc degeneration. He then stated that, given his understanding of claimant's condition over the last 10 years, including the fact that claimant had been completely asymptomatic, he believed that claimant's work injury was the most likely major contributing cause of claimant's symptoms. We have stated that an "expert's opinion need not be ignored merely because it fails to include 'magic words.'" *Freightliner Corp. v. Arnold*, 142

Or App 98, 105, 919 P2d 1192 (1996). In this case, given the context of Thorsett's opinion and the record as a whole, it was reasonable for the Board to interpret Thorsett's use of the word "symptoms" to mean claimant's current condition and need for treatment. Accordingly, the Board did not err in concluding that claimant's combined condition was compensable under ORS 656.005(7)(a)(B).

Affirmed.