Argued and submitted March 15, affirmed July 7, 1999

In the Matter of the Compensation of
Lonnie Travis, Claimant.

WORLDMARK THE CLUB,
*Petitioner,*

*v.*

Lonnie TRAVIS,
*Respondent.*

(WCB 97-08466; CA A102570)

984 P2d 898

Jerald P. Keene argued the cause and filed the brief for petitioner.

R. Adian Martin argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

Employer seeks review of a Workers' Compensation Board order setting aside employer's denial of claimant's claim based on a combined low-back condition. The Board determined that the combined condition was compensable because claimant's work injury was the major contributing cause of his need for treatment. ORS 656.005(7)(a)(B). We affirm.

We take the following undisputed facts from the record. ORS 656.298(7).[1] In 1970, before working for employer, claimant experienced back problems and underwent a lumbar laminectomy at L4-L5. After the surgery, claimant was essentially pain free, except for occasional flare-ups for which he obtained chiropractic care. Those flare-ups never included any radicular pain. Claimant was last treated by a chiropractor in 1989. In 1995, claimant sustained an injury to his buttocks when he fell from a truck. The pain from that injury also occasionally recurred and required treatment but never involved radicular pain.

Claimant began working for employer in 1996. In 1997, while working for employer as a housekeeper, claimant was bending over making a bed when he felt an "electric shock" and harsh pain in his back and legs. The pain caused claimant to collapse momentarily onto the bed. Claimant had never felt that type of pain before. He was able to continue his shift, but the pain was "extreme." Within a few days, claimant's right leg began to "give out."

Dr. Salmons, a chiropractor, initially treated claimant and diagnosed a lumbosacral sprain. After initial treatment, Salmons referred claimant to Dr. Fox, a medical doctor. Fox diagnosed an acute lumbar strain and a "probable ligament tear strain," took x-rays and ordered an MRI for claimant's back. Those images revealed degenerative joint disease, degenerative disc disease, a disc herniation at L4-L5, and the results of the 1970 laminectomy. Fox then referred claimant to Dr. Chestnut, a neurologist. Chestnut ordered a

---

[1] The parties accept the factual summary adopted by the Board from the opinion and order of the administrative law judge (ALJ).

CT scan that revealed mild scoliosis and degenerative disc disease. Chestnut wanted claimant to see Dr. Karasek, another neurologist, in order to locate the source of claimant's pain. Before Karasek examined claimant, employer accepted a disabling claim for a "lumbar strain."

After employer accepted the claim—but before Karasek examined him—claimant underwent an independent medical evaluation by Dr. Farris, an orthopedist. Farris diagnosed a disc herniation at L4-L5, preexisting scoliosis and degenerative disc disease, and preexisting degenerative hip arthritis. Farris suggested that claimant's problem was caused by the right hip joint instead of his lumbar spine. However, he also said that, if claimant had never experienced any radicular symptoms before the 1997 work injury, then that injury was "the major contributing cause of [the] disc herniation."

Karasek then examined claimant and performed tests in an attempt to determine the origin of the pain. Karasek also reviewed Farris's report and agreed with Farris's conclusions. At that time, Karasek stated that the assessment of any causal relationship must await further diagnosis. Farris subsequently reviewed Karasek's records and issued a second opinion in which he stated that the causation issue depended on whether "[claimant] had significant problems with his low back over the years * * *."

In response to inquiries from employer's insurer, Fox also gave an opinion on the cause of claimant's current condition. Fox concluded that the work injury was the "major contributing cause of [claimant's] condition."

Based on those intervening medical opinions, employer amended its original acceptance to include a combined condition. ORS 656.005(7)(a)(B).[2] It accepted a disabling claim for the previously accepted lumbar strain combined with

---

[2] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

"preexisting noncompensable status post lumbar laminectomy, L4-L5, on the right remote; disc herniation, L4-L5, on the right; scoliosis and degenerative disc disease of the lumbar spine, pre-existing and degenerative disc arthritis of the right hip, pre-existing."

Employer then issued a denial of the combined condition on the ground that the work injury was not the "major contributing cause" of claimant's low-back condition and need for treatment. Subsequently, Karasek and Chestnut rendered opinions regarding the cause of claimant's combined condition. Chestnut concluded that both the work injury and the preexisting conditions "share[d] the culpability in an unquantified and probably unquantifiable ratio." Karasek stated that he thought the work injury "was significant and the cause of [claimant's] current need for treatment." Employer subsequently closed the claim, and claimant requested a hearing seeking reversal of the denial of compensability.

The ALJ set aside employer's denial on procedural grounds. The Board affirmed the ALJ, although on different grounds. The Board analyzed the doctors' opinions regarding causation and concluded that they established that claimant's work injury was the major contributing cause of his combined condition. The Board, therefore, determined that claimant's condition was compensable. This petition for judicial review by employer followed.

We review the Board's legal conclusions for errors of law and determine whether its findings are supported by substantial evidence in the record. ORS 183.482(8)(a). Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make that finding. ORS 183.482(8)(c); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990).

■■ On review, employer initially contends that whether claimant suffered a herniated L4-L5 disc is "unresolved" in the record. The Board accepted medical evidence that claimant did suffer such a herniation. That determination was supported by substantial evidence, including x-rays taken after the 1997 injury and the diagnosis of Farris, the independent medical examiner in this case. We reject employer's

suggestion that the issue of whether or not a herniated disc or similar pathology existed remains an unresolved "mystery." While, as employer argues, the medical record includes conflicting evidence on the subject, the existence of discrepancies among various doctors' opinions does not generally vitiate their evidentiary value. *See Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988).

■ Employer next asserts that the Board erred in concluding that the doctors' opinions constituted substantial evidence that the work injury was the major contributing cause of claimant's current condition or need for treatment. According to employer, those opinions were insufficient because they did not compare the contribution of the work injury with the contribution of the preexisting condition and determine which was the primary cause of the combined condition or need for treatment. On the other hand, claimant contends that those opinions constitute substantial evidence supporting the Board's conclusion.

■■ In order to establish the compensability of a combined condition, claimant must show that the work injury is the "major contributing cause" of his combined condition or need for treatment. ORS 656.005(7)(a)(B). In making that determination, the Board must evaluate the relative contribution of the preexisting condition and the work injury and decide which was the primary cause of the combined condition or need for treatment. *SAIF v. Nehl,* 149 Or App 309, 311-12, 942 P2d 859 (1997), *rev den* 326 Or 389 (1998); *Dietz v. Ramuda,* 130 Or App 397, 401, 882 P2d 618 (1994). Because that evaluation involves a complex medical question, the Board must generally rely on expert medical evidence. *See Uris v. Compensation Department,* 247 Or 420, 424-26, 427 P2d 753 (1967).

■ Here, the Board relied on Fox's and Farris's opinions to establish that claimant's work injury was the major contributing cause of his combined condition. The Board also recognized that Karasek's opinion supported Fox's conclusions and that Chestnut could not render a definitive opinion regarding causation. For purposes of judicial review, it does not matter that not all of the doctors gave an opinion satisfying the major contributing cause standard. *Armstrong,* 90 Or

App at 206. If the Board's decision is reasonable, keeping in mind that there are doctors on both sides of a medical issue, that determination is supported by substantial evidence. *Id.* In this case, we conclude that the opinions of Fox and Farris furnish substantial evidence supporting the Board's finding, despite the existence of other inconclusive medical evidence.

When asked to give his opinion regarding causation, Fox said, "[o]n review of my records the work activity * * * was the major contributing cause of [claimant's] current condition. He did have a preexisting condition but was working unrestricted and pain free prior to the [work injury]." The Board found that opinion persuasive, because Fox was claimant's attending physician and because the opinion was well informed and based on an accurate history. Employer argues that, even though it contained "major contributing cause" language, Fox's opinion was insufficient, because Fox relied only on an increase in symptoms to determine that the work injury was the major contributing cause of claimant's current condition or need for treatment. According to employer, the most that could be reasoned from Fox's opinion was that the work injury precipitated the need for treatment.

We agree with employer that the presence of "major contributing cause" language is not dispositive. *Freightliner Corp. v. Arnold*, 142 Or App 98, 105, 919 P2d 1192 (1996) (expert testimony need not be ignored because it fails to include the "major contributing cause" language). We also agree that a medical opinion that only identifies the work injury as a precipitating cause of the condition or need for treatment is not sufficient to establish the work injury as the major contributing cause. *Nehl*, 149 Or App at 313; *Robinson v. SAIF*, 147 Or App 157, 162, 935 P2d 454 (1997). However, we must evaluate Fox's opinion in the context in which it was rendered in order to determine its sufficiency. *SAIF v. Strubel*, 161 Or App 516, 984 P2d 903 (1999).

Fox rendered his opinion regarding causation in response to two questions posed by employer's insurer. The insurer asked:

"In your opinion, did the work activities combine with claimant's pre-existing condition to cause or worsen his disability or need for medical treatment? If so, can you say, to

a reasonable medical probability that the work activity was the major contributing cause of the need for treatment of the combined condition?"

Those questions asked Fox first to identify whether the work injury precipitated claimant's need for treatment and then to weigh the contribution of the work injury against claimant's preexisting condition. Given that context, it was reasonable for the Board to conclude that Fox determined that the work injury was not only the precipitating cause but was also the primary cause of the combined condition.

We turn next to Farris's opinion. Employer asserts that the only reasonable interpretation of that opinion is that Farris believed that claimant's preexisting condition was the major contributing cause of claimant's combined condition. We disagree.

Farris did determine that claimant's preexisting condition played a role in his current medical condition. However, he also concluded in his first report that, if claimant had not experienced radicular pain before the work injury, then the work injury was the major contributing cause of the herniated disc.[3] After examining Karasek's records indicating that claimant had intermittent problems with his back since 1970, Farris issued a second report modifying his first opinion. In the second report, Farris stated that, if claimant had "significant" problems with his low back between 1970 and 1997, then the preexisting condition may be the major contributing cause of claimant's condition. The Board concluded that Farris's first report supported compensability because there was no evidence in the record that claimant had experienced radicular pain before the work injury. The Board also concluded that the second report was not particularly helpful because Farris did not explain what he meant by "significant" problems. The Board found that claimant had not previously experienced "significant" low-back problems based on evidence that claimant had never experienced radicular

---

[3] Employer also argues that the Board could not reasonably conclude that the first report supported compensability because Farris did not state that the herniated disc was the "major contributing cause of [claimant's] treatment." As we have stated repeatedly, the absence of magic language is not dispositive. *Strubel*; *Freightliner*.

symptoms, had not had any employment restrictions relating to his back before the March 1997 injury, was not under treatment and had not experienced ongoing low-back pain. While claimant had received chiropractic treatment eight years earlier, the Board was unable to conclude, without greater elaboration from Farris, that that treatment amounted to "significant" problems so as to weaken his first opinion. We conclude that the Board's interpretation of Farris's reports was reasonable. Therefore, the Board's conclusion that claimant's combined condition is compensable is supported by substantial evidence.

Affirmed.