Argued and submitted November 30, 1998, affirmed December 15, 1999

In the Matter of the Compensation of
Melissa R. Schuler, Claimant.

Melissa R. SCHULER,
*Petitioner,*

*v.*

BEAVERTON SCHOOL DISTRICT NO. 48J,
*Respondent.*

(WCB No. 97-01397; CA A101276)

992 P2d 467

Charles Robinowitz argued the cause and filed the brief for petitioner.

David L. Johnstone argued the cause for respondent. With him on the brief was VavRosky, MacColl, Olson, Busch & Pfeifer, P. C.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Warden, Senior Judge.

DEITS, C. J.

Warden, S. J., dissenting.

**DEITS, C. J.**

Claimant seeks review of a decision by the Workers' Compensation Board that upheld employer's denial of her claim. The Board determined that claimant did not prove that her work injury was the major contributing cause of the need for treatment of her combined condition. We affirm.

We take the following undisputed facts from the record. Claimant is a substitute instructional aide employed by the Beaverton School District. In February 1995, she injured her back and neck in a noncompensable motor vehicle accident. At that time, x-rays revealed degenerative disc disease at C6-7. On June 8, 1995, claimant was injured when she slipped and fell at work. She sought treatment with Dr. Soot in August 1995. At that time, an MRI revealed a disc protrusion at C6-7. In November 1995, employer accepted the claim for low back, cervical, groin and right-wrist strains.

In March 1996, employer issued a partial denial of claimant's degenerative disc disease at C6-7. Claimant did not appeal this denial and her claim was closed in April 1996. She was awarded temporary partial disability but no permanent partial disability. In June 1996, claimant again sought treatment with Soot because of increased difficulty with pain in her neck and left shoulder and arm. At that time, claimant told Soot that she had not engaged in any unusual activity nor were these symptoms precipitated by any injury. In July 1996, claimant reported to Soot that she had felt a pop in her neck while putting in eye drops and that she was pain free for several days afterward. However, later, after moving bark dust, she again experienced significant pain.

While at work on September 26, 1996, claimant physically restrained a student who was misbehaving. She experienced neck and shoulder pain at home that evening. On September 30, claimant again saw Soot. She reported that her left shoulder and arm had become progressively worse since the week before. Soot noted that this worsening occurred after some activity at work, but that "there was no really acute increase following any one particular episode. The pains now have been very difficult to cope with." Soot referred claimant to a neurosurgeon, Dr. Waller, whom

claimant saw on October 1. An MRI, conducted on that day, revealed degenerative disc changes at C6-7 with progression of left-sided disc protrusion/herniation with compromise of the left foramen and possible slight displacement of the left side of the spinal cord. Waller diagnosed persistent C7 radiculopathy with increased symptoms due to left C6-7 disc herniation. He performed left cervical C6-7 diskectomy and foraminotomy surgery on October 3. The surgery was successful, and claimant was released to return to work on October 25, 1996.

On November 8, 1996, claimant filed an 801 form, claiming benefits for her alleged September 26 injury. Employer denied the claim on the basis that claimant's work was not the major cause of the worsening of her preexisting degenerative disc disease and herniation at C6-7.

Claimant sought review of the employer's denial. After a hearing the administrative law judge (ALJ) set aside employer's denial holding that, although the preexisting condition was the major portion of the condition being treated, the work injury was the immediate cause of the need for treatment and, therefore, the treatment was compensable. The Board reversed the ALJ, noting that the case relied on by the ALJ, *SAIF v. Nehl*, 148 Or App 101, 939 P2d 96, *modified on recons* 149 Or App 309, 942 P2d 859 (1997), *rev den* 326 Or 389 (1998), had sincebeen modified by this court to clarify that, under ORS 656.005(7)(a)(B), a claimant must establish that the work injury was not only the precipitating cause but the major contributing cause of the claimant's disability or need for treatment. The Board explained, relying on *Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995), that the determination of a major contributing cause includes evaluating the relative contributions of different causes of the claimant's need for treatment of the combined condition and then deciding which is the primary cause.

Claimant seeks review of the Board's decision upholding employer's denial. She makes two assignments of error. She agrees that the Board articulated the correct legal standard; namely, that claimant must establish the major contributing cause of the need for treatment of the combined

condition. She contends, however, that it is apparent from the Board's discussion of the issue and from its reliance on *Dietz* that the Board actually applied the incorrect legal standard for determining the compensability of the disability. She asserts that, by relying on *Dietz*, the Board evaluated the major cause of claimant's *combined condition* rather than the major cause of claimant's *need for treatment* of the combined condition.

■　　The major cause of the combined condition is discussed in the Board's order. As noted above, however, the Board does ultimately determine the major contributing cause of the need for treatment for claimant's combined condition. The Board's reliance on *Dietz* is not inconsistent with that conclusion. The Board relied on *Dietz* for the proposition that the determination of the major contributing cause requires evaluation of the relative contribution of different causes, both work-related and preexisting. That is equally true whether what is being evaluated is the major contributing cause of the need for treatment of the combined condition or the compensability of the combined condition itself. *Nehl*, 149 Or App at 312. *See Worldmark The Club v. Travis*, 161 Or App 644, 649, 984 P2d 898 (1999). We conclude that the Board applied the correct legal standard.

■　　Claimant's second assignment of error is that there is not substantial evidence in the record to support the Board's finding that Waller, claimant's treating neurosurgeon, failed to weigh the relative contribution of claimant's preexisting conditions against her work injury to determine the major contributing cause of claimant's need for treatment of the combined condition. The Board explained its conclusion:

> "After reviewing the medical evidence, we are not persuaded that claimant has established that the work injury was the major contributing cause of the disability or need for treatment of the combined condition. In this regard, although Dr. Waller believed that the injury provoked symptoms and precipitated the need for claimant's surgery, we are not persuaded that Dr. Waller weighed the contribution from the work injury against the contribution from the preexisting disc herniation to determine which was the major contributing cause of claimant's need for treatment

of the combined condition. *See Dietz v. Ramuda*, 130 Or App [at] 401-402. Under such circumstances, we find that claimant has not established compensability of the combined condition."

Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990); ORS 183.482(8)(c). This court must evaluate the substantiality of supporting evidence by considering all of the evidence in the record. *Younger v. City of Portland*, 305 Or 346, 356, 752 P2d 262 (1988). Viewing the record as a whole, the question presented here is whether the Board's finding, that Waller did not weigh the relative contributions of claimant's preexisting condition and her work injury to the need for treatment, is supported by substantial evidence. That finding is critical, of course, because it led to the Board's conclusion that claimant did not prove that her work injury was the major contributing cause of her need for treatment of the combined condition.

At the outset, we would note that, because the question of what is the major contributing cause of claimant's need for treatment involves a complex medical opinion, the Board must rely on expert medical evidence in making that determination. *Uris v. Compensation Department*, 247 Or 420, 424-26, 427 P2d 753, 430 P2d 861 (1967). The Board cannot supply its own diagnosis. *SAIF v. Strubel*, 161 Or App 516, 521, 984 P2d 903 (1999).

Here, there was evidence from three doctors. The testimony of Soot, and Dr. Zivin, a neurologist, who reviewed claimant's medical records but did not examine her, was inconclusive with respect to the question of what was the major contributing cause of claimant's need for treatment. Soot, who, as noted above, had previously treated claimant and referred her to Waller, stated that the disc protrusion could have worsened over time, or it could have been caused by claimant's work activities. He said that he could not determine the major contributing cause of the worsening. Zivin suggested that claimant's disc condition preexisted her work

exposure and could have occurred in the absence of employment exposure. He did not offer an opinion on the major contributing cause of her need for treatment.

The only medical evidence that directly addressed the question of what was the major contributing cause of claimant's need for treatment of her combined condition was Waller's statements. In a letter dated November 14, 1996, from claimant's counsel, Waller was asked:

"I have a few basic questions regarding Ms. Schuler's condition. First, do you feel that her trying to control the unruly student several days before her appointment with you was the major cause of her need for the surgery which you performed on October 3, 1996?

"If you do not feel it was the major cause of her need for surgery, do you feel that the fall which she had in the school cafeteria in June of 1995 was the major cause of her need for surgery, or do you feel that her need for surgery was the underlying pre-existing condition?"

In response to that inquiry, in a letter dated November 26, 1996, Waller stated:

"Thank you for your letter of November 14, 1996 regarding Melissa Schuler. I have reviewed the history that she provided to me. As you recall, she has had more than one episode of neck symptomatology. Based on my review of the records however, it would appear that she did have symptoms of a pre-existing condition, when she developed symptoms of neck and left arm [pain] after a vacation in Arizona. An MRI scan on August 1, 1995, identified a disk herniation or osteophyte or combination of the two on the left at C6-7. She improved and surgery was not being considered.

"The event that led to the need for surgery was the control of an unruly student when she developed a profound exacerbation of left-sided neck and shoulder pain that became incapacitating. This prompted a new MRI scan. It was difficult for me to tell if there was actually any anatomical worsening between the two studies, but her symptoms certainly did.

"Therefore, I would state that she had a pre-existing condition that was producing fairly minimal symptomatology, certainly not to the point that surgery was being considered, until the event with the unruly student. Therefore,

I believe that event should be considered the major contributing cause to the need for surgery."

Waller's deposition also was part of the record of this proceeding. In that deposition, Waller testified that it was claimant's work injury that *precipitated* the need for treatment.

"[Counsel for Claimant] As I understand your letter to me of—think it was November 26th of 1996, it's Exhibit 41 in this record, do you believe that the—is it your opinion that the event that she had was the major contributing cause of her need for surgery based on a medically probable standard?

"[Waller] I'll answer that by saying I don't—I don't want to take anything out of context. In the same letter I commented that I couldn't tell if there was any anatomical worsening between the new and the old MR[I] scans, but it was the precipitation of symptoms provoked by the control of an unruly student that prompted the need for surgery."

As discussed above, based on the evidence before it, the Board concluded that Waller's testimony only supported the finding that claimant's work injury *precipitated* the need for surgery and that he did not weigh the contribution of claimant's preexisting condition against her work injury in determining the need for treatment. Based on that finding, the Board concluded that claimant failed to prove that the work injury was the major contributing cause of the need for treatment of her combined condition.

■ After reviewing all of the evidence in the record, we conclude that the Board's finding is supported by substantial evidence. Waller's statements, when considered in context, certainly could support a finding that claimant's work injury was the major contributing cause of her need for treatment. *See Worldmark The Club*, 161 Or App at 650; *SAIF v. Strubel*, 161 Or App at 521-22. If the decision were ours to make in the first instance, then we might well read the evidence as the dissent has. As we have discussed, however, our review is quite limited. The issue that we are reviewing is whether the finding that the Board *did make* is supported by substantial evidence. We cannot say that, in view of all the evidence, a reasonable person could not find that Waller did

not weigh the relative contributions of claimant's preexisting condition and the work injury to determine her need for treatment. Waller did state that claimant's work injury was the major contributing cause of the need for treatment. However, his supporting analysis focused on increased symptoms and identifying the precipitating cause of the need for treatment. He did not directly discuss the contributions of the preexisting condition versus the work injury to the need for treatment. *See Robinson v. SAIF*, 147 Or App 157, 935 P2d 454 (1997). In view of this deficiency and the other medical evidence in the record, we conclude that the Board's order is supported by substantial evidence and that the Board did not err in upholding employer's denial of the claim.

Affirmed.

**WARDEN, S. J.,** dissenting.

Because the majority errs in concluding "that the Board's order is supported by substantial evidence," I dissent.

ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the *major contributing cause of the need for treatment* of the combined condition." (Emphasis added.)

The only issue presented is whether the injury claimant sustained in the course of her duties as a teacher on September 26, 1996, while restraining an out-of-control student was the major contributing cause of her need for treatment. The only material medical evidence on this issue, as the majority concedes, is that of Dr. Waller, who stated in his report of November 26, 1996:

"The event that led to the need for surgery was the control of a unruly student when she [claimant] developed a profound exacerbation of the left-sided neck and shoulder pain that became incapacitating. This prompted a new MRI scan. It was difficult for me to tell if there was actually any

anatomical worsening between the two studies, but her symptoms certainly did.

"Therefore, I would state that she had a pre-existing condition that was producing fairly minimal symptomatology, certainly not to the point that surgery was being considered, until the event with the unruly student. Therefore I believe that event should be considered the major contributing cause to the need for surgery."

In his deposition, Waller testified:

"* * * I couldn't tell if there was any anatomical worsening between the new and the old MR[I] scans, but it was the precipitation of symptoms provoked by the control of an unruly student that prompted the need for surgery."

As the majority points out:

"[T]he question of what is the major contributing cause of claimant's need for treatment involves a complex medical opinion, the Board must rely on expert medical evidence in making that determination." 164 Or App at 325.

Then, the majority joins with the Board in disregarding the only real evidence on that question. In its last sentence, the majority refers to "other medical evidence in the record," without telling us what that evidence is; the majority has already told us that the only other medical evidence, that of Dr. Soot and Dr. Zivin, is of no help.

The majority cites both *SAIF v. Strubel*, 161 Or App 516, 984 P2d 903 (1999), and *Worldmark The Club v. Travis*, 161 Or App 644, 984 P2d 898 (1999), apparently without reading those decisions closely. In both, there was other medical evidence bearing on the issue of the claimants' need for treatment, and in both this court concluded that the Board could find that the injuries were the major contributing cause of the claimant's disabilities or the need for treatment. Here, there is no contrary evidence, but the majority would affirm the Board's conclusion that claimant has not "established that the work injury was the major contributing cause of the disability or need for treatment * * *." Waller's letter and deposition testimony cannot be read to support anything but the contrary conclusion. His is the only competent material

medical evidence on the issue, and it is contrary to the Board's conclusion that this majority affirms.

The majority, agreeing with the Board on what both see as critical, states that Waller "did not directly discuss the contribution of the preexisting condition versus the work injury to the need for treatment."

Waller had a complete and accurate history of claimant's neck problems. He clearly was aware of claimant's preexisting condition when he concluded that the injury was the major contributing cause of the need for treatment. His awareness of that condition came both from the November 14 letter from counsel, and from the information provided for his deposition. As discussed in the majority opinion and quoted above, Waller was specifically asked in the letter from counsel if the major cause of the need for surgery was the work injury or the preexisting condition. He answered that the event with the unruly student "should be considered the major contributing cause to the need for surgery."

The Board's conclusion that Waller failed to weigh the relative contributions of the different causes was not supported by substantial evidence. Accordingly, the Board erred in holding that claimant's work injury was not the major contributing cause of her need for treatment.

For all of the above reasons, I respectfully dissent.