Argued and submitted January 10, 2001, decision of the Court of Appeals and order
of Workers' Compensation Board affirmed June 27, 2002

In the Matter of the Compensation of
Melissa R. Schuler, Claimant.

Melissa R. SCHULER,
*Petitioner on Review,*

*v.*

BEAVERTON SCHOOL DISTRICT NO. 48J,
*Respondent on Review.*

(WCB 97-01397; CA A101276; SC S47320)

48 P3d 820

Charles Robinowitz, Portland, argued the cause and filed
the brief for petitioner on review.

David L. Johnstone, of VavRosky, MacColl, Olson, Busch & Pfeifer, P.C., Portland, argued the cause and filed the brief for respondent on review.

James S. Coon, of Swanson, Thomas & Coon, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.**

RIGGS, J.

---

** Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case. Balmer, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

In this workers' compensation case, claimant sought judicial review of the decision of the Workers' Compensation Board (board) to deny her workers' compensation benefits. A three-judge panel of the Court of Appeals affirmed, with one judge dissenting. *Schuler v. Beaverton School District No. 48J*, 164 Or App 320, 992 P2d 467 (1999). For the reasons that follow, we affirm the decision of the Court of Appeals and the order of the board.

The following undisputed facts are taken from the Court of Appeals' opinion:

"Claimant is a substitute instructional aide employed by the Beaverton School District. In February 1995, she injured her back and neck in a noncompensable motor vehicle accident. At that time, x-rays revealed degenerative disc disease at C6-7. On June 8, 1995, claimant was injured when she slipped and fell at work. She sought treatment with Dr. Soot in August 1995. At that time, an MRI revealed a disc protrusion at C6-7. In November 1995, employer accepted the claim for low back, cervical, groin and right-wrist strains.

"In March 1996, employer issued a partial denial of claimant's degenerative disc disease at C6-7. Claimant did not appeal this denial and her claim was closed in April 1996. She was awarded temporary partial disability but no permanent partial disability. In June 1996, claimant again sought treatment with Soot because of increased difficulty with pain in her neck and left shoulder and arm. At that time, claimant told Soot that she had not engaged in any unusual activity nor were these symptoms precipitated by any injury. In July 1996, claimant reported to Soot that she had felt a pop in her neck while putting in eye drops and that she was pain free for several days afterward. However, later, after moving bark dust, she again experienced significant pain.

"While at work on September 26, 1996, claimant physically restrained a student who was misbehaving. She experienced neck and shoulder pain at home that evening. On September 30, claimant again saw Soot. She reported that her left shoulder and arm had become progressively worse since the week before. Soot noted that this worsening

occurred after some activity at work, but that 'there was no really acute increase following any one particular episode. The pains now have been very difficult to cope with.' Soot referred claimant to a neurosurgeon, Dr. Waller, whom claimant saw on October 1. An MRI, conducted on that day, revealed degenerative disc changes at C6-7 with progression of left-sided disc protrusion/herniation with compromise of the left foramen and possible slight displacement of the left side of the spinal cord. Waller diagnosed persistent C7 radiculopathy with increased symptoms due to left C6-7 disc herniation. He performed left cervical C6-7 diskectomy and foraminotomy surgery on October 3. The surgery was successful, and claimant was released to return to work on October 25, 1996.

"On November 8, 1996, claimant filed an 801 form, claiming benefits for her alleged September 26 injury. Employer denied the claim on the basis that claimant's work was not the major cause of the worsening of her preexisting degenerative disc disease and herniation at C6-7.

"Claimant sought review of the employer's denial. After a hearing the administrative law judge (ALJ) set aside employer's denial holding that, although the preexisting condition was the major portion of the condition being treated, the work injury was the immediate cause of the need for treatment and, therefore, the treatment was compensable. The Board reversed the ALJ, noting that the case relied on by the ALJ, *SAIF v. Nehl*, 148 Or App 101, 939 P2d 96, *modified on recons* 149 Or App 309, 942 P2d 859 (1997), *rev den* 326 Or 389[, 952 P2d 62] (1998), had since been modified by [the Court of Appeals] to clarify that, under ORS 656.005(7)(a)(B), a claimant must establish that the work injury was not only the precipitating cause but the major contributing cause of the claimant's disability or need for treatment. The Board explained, relying on *Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed* 321 Or 416[, 898 P2d 768] (1995), that the determination of a major contributing cause includes evaluating the relative contributions of different causes of the claimant's need for treatment of the combined condition and then deciding which is the primary cause."

*Schuler*, 164 Or App at 322-23.

The board reviewed the medical evidence on the issue of causation, which consisted of the opinions of three

doctors. All three doctors agreed that claimant had preexisting degenerative disc disease and a preexisting disc protrusion. Only Dr. Waller, however, suggested that the work-related injury was the major contributing cause of the need for treatment. Waller, who operated on claimant's herniated C6-7 disc, gave the following opinion in a letter:

> "[Claimant] has had more than one episode of neck symptomatology. Based on my review of the records however, it would appear that she did have symptoms of a pre-existing condition, when she developed symptoms of neck and left arm [pain] after a vacation in Arizona. An MRI scan on August 1, 1995, identified a disk herniation or osteophyte or combination of the two on the left at C6-7. She improved and surgery was not being considered.
>
> "The event that led to the need for surgery was the control of an unruly student when she developed a profound exacerbation of left-sided neck and shoulder pain that became incapacitating. This prompted a new MRI scan. It was difficult for me to tell if there was actually any anatomical worsening between the two studies, but her symptoms certainly did.
>
> "Therefore, I would state that she had a pre-existing condition that was producing fairly minimal symptomatology, certainly not to the point that surgery was being considered, until the event with the unruly student. *Therefore, I believe that event should be considered the major contributing cause to [sic] the need for surgery.*

(Emphasis added.)

In a deposition, Waller testified on cross-examination:

> "Q. Would it be a fair statement, then, that perhaps the incident with the student did nothing more than be the inciting event or the precipitating event leading to surgery?
>
> "A. It's not an unreasonable way to put it."

On redirect, Waller testified:

> "Q. As I understand your letter[,] * * * is it your opinion that the event that she had was the major contributing cause of her need for surgery based on a medically probable standard?

"A. I'll answer that by saying I don't — *I don't want to take anything out of context.* In the same letter I commented that I couldn't tell if there was any anatomical worsening between the new and the old MR[I] scans, but *it was the precipitation of symptoms provoked by the control of an unruly student that prompted the need for surgery.*"

(Emphasis added.)

After reviewing the evidence, the board stated:

"[W]e are not persuaded that claimant has established that the work injury was the major contributing cause of the disability or need for treatment of the combined condition. In this regard, although Dr. Waller believed that the injury provoked symptoms and precipitated the need for claimant's surgery, we are not persuaded that Dr. Waller weighed the contribution from the work injury against the contribution from the preexisting disc herniation to determine which was the major contributing cause of claimant's need for treatment of the combined condition. * * * Under such circumstances, we find that claimant has not established compensability of the combined condition."

A divided panel of the Court of Appeals affirmed the board. The majority held that substantial evidence supported the board's determination that Waller had not weighed the contribution of the work-related injury against the contribution of the preexisting condition and that claimant thus had failed to prove that the work-related injury was the major contributing cause of the need for treatment of her combined condition. *Schuler*, 164 Or App at 327-28. The majority stated that, although it might have found differently if it had been the factfinder, a reasonable person could have found that Waller had failed to weigh the relative contributions of claimant's preexisting condition and the work injury to determine her need for treatment. *Id.* Because Waller's opinion was the only medical evidence that supported the relevant causation standard, the majority affirmed the board's order.[1]

Senior Judge Warden, sitting by designation, dissented from the majority's holding that substantial evidence

---

[1] The majority of the Court of Appeals appears to have treated this primarily as a "substantial evidence" case. It is, more accurately, a case of whether claimant has satisfied her burden of proof.

supported the board's finding with respect to Waller. *Id.* at 328. He would have held that the "only material medical evidence" on the question of what was the major cause of claimant's combined condition was Waller's letter and deposition testimony, and that that evidence could support but one conclusion: Claimant's work injury was the major contributing cause of her need for treatment. *Id.* at 329-30 (Warden, J., dissenting).

■    This case involves the application of ORS 656.005(7)(a)(B), which provides:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

The parties appear to agree that claimant's injury in restraining the unruly student was an otherwise compensable injury and that that injury combined with claimant's preexisting condition to cause a need for treatment. The only question presented to this court is whether the board permissibly concluded that claimant failed to meet her burden of showing that the injury arising from the incident with the student was "the major contributing cause of the need for treatment of the combined condition." *Id.*

■    The burden is on claimant to show that her injury is compensable. ORS 656.266. To show that an "otherwise compensable injury is * * * the major contributing cause of the need for treatment of the combined condition," a claimant must show that the otherwise compensable injury contributed more to the need for treatment than all other causes combined. *See Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 133, 23 P3d 333 (2001) (major contributing cause "contributes more * * * than all other causes combined").

The board was not persuaded that Waller had determined that the work injury was the major contributing cause of claimant's need for treatment. That was a permissible inference from the evidence. Although Waller's letter used

the words "major contributing cause" Waller's subsequent deposition testimony did not describe the work-related injury as the major contributing cause, and, instead, opined that the incident with the student "precipitated" claimant's need for treatment. The board reasonably could construe Waller's testimony to confirm only that claimant's work-related injury was last in the chain of causes that led to the need for treatment. Testimony that a cause came last in the chain of causation does not establish necessarily whether that cause also contributed more to the need for treatment than all other causes combined.

It is undisputed that the remaining medical evidence failed to establish that claimant's work-related injury was the major contributing cause of the need for treatment. Consequently, the board did not err in holding that claimant had failed to prove that her claim was compensable.

The decision of the Court of Appeals and the order of the Workers' Compensation Board are affirmed.