Argued and submitted April 4, affirmed November 13, 2002, petition for review
denied January 22, 2003 (335 Or 180)

In the Matter of the Compensation of
Calvin A. Kaeo, Claimant.

Calvin A. KAEO,
*Petitioner,*

*v.*

SAIF CORPORATION
and University of Oregon,
*Respondents.*

00-03730; A114015

57 P3d 959

Dale C. Johnson argued the cause and filed the brief for petitioner.

Jerome P. Larkin, Special Assistant Attorney General, argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.*

DEITS, C. J.

---

* Armstrong, J., *vice* Byers, S..J.

## DEITS, C. J.

Claimant seeks review of a Workers' Compensation Board order upholding SAIF's denial of his current condition on the ground that claimant's accepted injury is no longer the major contributing cause of his disability or need for treatment. We review to determine whether the order is supported by substantial evidence and whether the board made errors of law. ORS 183.482(7), (8). We affirm.

Claimant worked for the University of Oregon as an electrician. In December 1997, he suffered a low back injury at work. Claimant underwent a compelled medical examination. The examiner diagnosed degenerative disc disease. In March 1998, SAIF issued a denial of claimant's low back injury claim. Claimant underwent surgery for S1 nerve root compression the next month. SAIF's denial of the claim was litigated before an administrative law judge (ALJ) and the board. The board concluded that claimant's December 1997 injury claim was compensable and that it combined with his preexisting condition. It also concluded that the compensable 1997 injury was the major contributing cause of the need for treatment of the combined condition. Accordingly, the board set aside SAIF's denial.

On March 1, 1999, SAIF issued an acceptance of claimant's "lumbar strain/sprain." On March 31, 1999, claimant saw his treating surgeon, Dr. Van Pett, who recommended additional surgery at different spinal levels for a right "foraminal decompression at L4-5 and L5-S1." In January 2000, SAIF issued a modified notice of acceptance stating that claimant's lumbar strain/sprain had combined with claimant's "pre-existing S1 left compression secondary to lateral recess stenosis at the L5-S1 level." The notice of acceptance stated that SAIF was "responsible for the combined condition as long as and to the extent that the work injury remains the major contributing cause of the combined condition."

In March 2000, Dr. White conducted a compelled medical examination and diagnosed diffuse lumbar spondylosis with mild spinal stenosis; mild left S1 static sensory-only neuropathy; and chronic low back pain. White concluded

that claimant's December 1997 work injury had healed without permanent impairment and that no combined condition existed. On April 14, 2000, claimant underwent an MRI that indicated "no abnormality detected on the left at the L5-S1 at the site of operation." On April 26, 2000, SAIF denied claimant's current condition on the ground that claimant's compensable injury was no longer the major contributing cause of the current condition. In June 2000, a notice of closure was issued awarding claimant temporary disability and nine percent unscheduled permanent disability for the surgery.

Claimant requested a hearing challenging the procedural validity of the denial. He asserted that it should have been only a "partial" denial relative only to the additional surgery recommended by Van Pett at different levels that SAIF had not accepted as a part of the combined condition. The ALJ and, ultimately, the board upheld SAIF's denial, concluding that it was procedurally valid and that there was no persuasive evidence that the compensable injury remained the major contributing cause of the disability or need for treatment of the current condition.

■ Before this court, claimant again argues that SAIF's denial cannot be upheld as a denial of a previously accepted combined condition. Claimant does not dispute that, under the applicable statutes, an insurer may issue a denial of a previously accepted combined condition. Under ORS 656.262(7)(b), once an employer has accepted a combined condition, the employer, in fact, must issue a written denial when the accepted compensable injury is no longer the major contributing cause of the need for treatment of the combined condition before the claim may be closed. *SAIF v. Belden*, 155 Or App 568, 575, 964 P2d 300 (1998), *rev den*, 328 Or 330 (1999). ORS 656.262(6)(c) specifically authorizes such a denial:

> "An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

Claimant, however, identifies a number of problems with the board's decision to uphold SAIF's denial in this case. Claimant first contends that the board erred in not specifying the nature of the combined condition or the nature of the denial. As the board found, however, SAIF's modified acceptance stated that the December 1997 injury combined with "preexisting S1 left compression secondary to lateral recess stenosis at the L5-S1 level." The board adopted the ALJ's finding that "SAIF is denying the accepted 'combined condition.' Thus, the denial left nothing accepted; in other words, it denied the *entire accepted claim*." (Emphasis added.) In its order on reconsideration, the board again explained:

> "In the prior litigation regarding compensability, we affirmed the prior ALJ's order that found claimant's low back injury claim compensable as a combined condition. The combined low back condition, not 'lumbar laminectomy' surgery, was found compensable. The statutory scheme allows carriers to issue denials when the compensable injury is no longer the major contributing cause of the combined condition. ORS 656.262(6)(c); 656.262(7)(b). That is what occurred here."

(Citations to record omitted.) We conclude that the board adequately specified the nature of the accepted condition and of the denial.

■ Claimant also argues that, under those facts, the board simply cannot reach the conclusion that it did. First, it is claimant's position that the board's conclusion that the injury was no longer the major contributing cause of the combined condition is not supported by substantial evidence. Claimant asserts that, under ORS 656.262(6)(c), the combined condition could only be the compensable injury in combination with the S1 left compression secondary to lateral recess stenosis at the L5-S1 level and that the only evidence relating to that combined condition is that claimant was given corrective treatment (surgery) and that claimant was awarded nine percent permanent disability for the impairment that remained after the surgery. From those facts, claimant reasons that the post-surgical condition was a "direct medical sequella" of the injury and, consequently, "the evidence preponderates overwelmingly" that the injury

remained the major contributing cause of the combined condition.

However, as the ALJ explained in detailed findings adopted by the board, there was evidence to support the conclusion that claimant's injury was no longer the major contributing cause of the need for treatment of the combined condition. The ALJ evaluated that evidence as follows:

"When Dr. Van Pett saw claimant on March 31, 1999, she found that his 'current symptoms and clinical findings correlate with the reported on the job injury in the same sense as [claimant's] prior problem requiring surgery.' Dr. Van Pett further found that the 'acute work related injury is the major contributing cause of the need for treatment and recommended surgery at this point.'

"The remaining medical opinions are from Dr. White, examining neurosurgeon, Dr. Neumann, who concurred with a 'check-the-box' report from SAIF's attorney, and Dr. Coulter, a neurosurgeon who reviewed the medical record. *Each of these physicians thought that the December 15, 1997 injury had resolved, leaving preexisting degenerating joint disease as the cause of claimant's current need for treatment and disability.*

"Dr. Strutin, who previously treated claimant, first indicated on January 6, 2000, that the compensable injury remained the major contributing cause of the combined condition. Subsequently, however, Dr. Strutin concurred with Dr. White's report reaching the opposite conclusion.

"Thus, Dr. Van Pett offered the sole opinion supporting compensability. For the following reasons, I find her opinion inadequate to carry claimant's burden of proof. First, Dr. Van Pett did not *consistently* attribute claimant's symptoms to the December 15, 1997 compensable injury. When she saw claimant on March 31, 1999, she ultimately found that the compensable injury was the major contributing cause. Dr. Van Pett also noted, however, that, following the first surgery, she had recommended that claimant stop working in his regular job or he would 'develop problems with the other nerve roots.' Dr. Van Pett then noted that claimant continued in his regular job and '*not surprisingly*, he developed further problems.' In recommending additional surgery, Dr. Van Pett found that, unless claimant modified his work activities, 'he will continue to experience

problems with his lower back due to degenerative disease.' When Dr. Van Pett then saw claimant on February 11, 2000, she noted that claimant had 'redeveloped left leg pain most likely secondary to overuse.'

"I find that such statements implicate claimant's ongoing work activities, degenerative disease, and overuse in causing claimant's need for treatment and disability. Dr. Van Pett, however, does not explain why such factors are not the major cause; instead, she summarily states that the December 15, 1997 injury is the major contributing cause. I find that the absence of such explanation and conclusory nature of the opinion undermines its persuasiveness, even in light of Dr. Van Pett's status as the treating physician. *See Dietz v. Ramuda,* 130 Or App 397[, 882 P2d 618] (1994), *rev dismissed* 321 Or 416 (1995) (in determining the major contributing cause of a condition, persuasive medical opinion must evaluate the relative contribution of different causes and explain why work exposure or injury contributes more to the claimed condition than all other causes or exposures combined)."

(Citations to record omitted; emphasis added.)

■ We agree with SAIF that there was substantial evidence supporting the board's conclusion that claimant's injury was no longer the major contributing cause of the need for treatment of the combined condition. Claimant also argues that the board could not reach the conclusion that it did because, as a matter of law, an employer may not issue a combined condition denial in circumstances where the accepted combined claim has resulted in a permanent disability award. In such instances, according to claimant, the insurer may issue only a partial denial. The board responded to that argument in its order on reconsideration as follows:

"Claimant appears to contend that a carrier cannot issue a current condition denial where an accepted claim has resulted in a permanent disability award. Claimant does not cite any authority for this position and we are not aware of any. A current condition denial does not 'extinguish' a prior, final permanent disability award. *Just because a current condition denial has issued does not mean that there was never any accepted condition or that any final permanent disability awards are 'wiped out.'* We disagree with claimant's arguments to the contrary and we note that

claimant fails to cite any statutory or other legal authority to support his position."

(Emphasis added.)

We agree with the board's resolution of this issue. Under the present statutory scheme, in particular ORS 656.262(7)(b), an insurer is allowed to issue a denial when the compensable injury is no longer the major contributing cause of the combined condition. There is nothing in the statutes that requires that, when the accepted combined condition results in a permanent disability award, the insurer cannot issue a denial of the entire combined condition but may issue only a partial denial. Claimant's point—that an injury that is found to be compensable as part of a combined condition for which permanent disability has been awarded has a kind of limited life—may have some validity. However, the board is correct that the statutes authorize exactly what occurred here.

■      Claimant also argues that the board erred in concluding that its administrative rule governing partial denials, OAR 438-005-0060, was not applicable here. That rule provides, in pertinent part:

> "Every notice of partial denial shall set forth with particularity the injury, condition, benefit or service for which liability is denied and the factual and legal reasons therefor."

Claimant asserts that the rule governing partial denials is applicable here and that, because SAIF's denial did not comply with the particularity requirements of this rule, it must be set aside. As discussed above, however, SAIF's denial was not a partial denial. So the rule by its terms does not apply.

For all of the above reasons, we conclude that the board did not err in upholding SAIF's denial.

Affirmed.