Argued and submitted March 25, reversed and remanded April 28, 2004

In the Matter of the Compensation of
Kathy M. Sams, Claimant.

FRED MEYER, INC.,
*Petitioner,*

*v.*

Kathy M. SAMS,
*Respondent.*

01-06461; A121355

89 P3d 1223

Paul L. Roess argued the cause and filed the briefs for petitioner.

Ernest M. Jenks argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

In this workers' compensation case, the issue is whether the Workers' Compensation Board (board) erroneously relied on Dr. Price's medical opinion to conclude that claimant's occupational disease claim for right foot tarsal tunnel syndrome is compensable. In relying on that opinion, the board found that Price based his opinion on a sufficiently complete medical history. We agree with employer that the board's finding in that regard is not supported by substantial evidence in the record. We therefore reverse and remand.

The following facts, which we take from the board's order, are not disputed. Claimant started working for employer in the summer of 1998 as a deli worker. She worked five days a week, for more than seven hours a day. The work required her to stand, walk, and carry items. After beginning that work, and while at work, claimant experienced a sharp pain in her right foot that was later diagnosed to be caused by plantar fasciitis. Employer accepted a claim for right plantar fasciitis and, eventually, claimant was released to regular work without permanent work restrictions. The claim was closed without an award of permanent disability.

In the spring of 1999, claimant moved to Texas, where she continued to have "right foot symptoms." The following August, she moved to Florida, where she started working full time as a cook at an elementary school. Her job duties entailed many of the same basic activities as had her job in Oregon as a deli worker—*i.e.,* standing, walking, and carrying items. Her right foot symptoms flared up, along with low back discomfort. Claimant was treated by various physicians, including Price, who diagnosed claimant as suffering from tarsal tunnel syndrome and plantar fasciitis/calcaneal heel spur syndrome[1] in her right foot.

Claimant filed a claim against the Oregon employer (Fred Meyer) seeking compensation for the right tarsal tunnel syndrome as a new occupational disease or as related to her accepted claim for plantar fasciitis. Employer denied the

---

[1] Claimant conceded during the ALJ's review that the calcaneal heel spur is part and parcel of the accepted plantar fasciitis condition.

claim, and claimant challenged that denial. As pertinent to our review, the question for the administrative law judge (ALJ) was whether claimant's work for employer in Oregon was the major contributing cause of the tarsal tunnel syndrome and need for treatment. Relying on Price's expert opinion, the ALJ concluded that it was and that the claim is therefore compensable:

> "With respect to the mechanism of injury[, Price] described a process wherein standing and walking on hard surfaces while working in the deli, without appropriate support, injured the heel. As a consequence claimant developed inflammation of the fascia, *i.e.*, plantar fasciitis, and started to favor the heel. The altered gait, in turn, sets up a secondary inflammatory reaction in the ankle around the tarsal tunnel. On this basis Dr. Price was able to state within a reasonable degree of medical certainty claimant's work activities as a deli worker were the major contributing cause of the tarsal tunnel syndrome and need for treatment."

The ALJ acknowledged the opposing opinions of Dr. Cullen and Dr. Shields, each of whom concluded that the right tarsal tunnel syndrome was not causally related to claimant's deli work in Oregon. But the ALJ found those opinions to be inadequately explained and, therefore, unpersuasive. The ALJ also responded to and rejected employer's argument that Price's opinion was flawed because he did not have a sufficiently complete medical history:

> "The employer argues Dr. Price's opinion is defective because he was not aware of, and thus, did not consider claimant's employment as a cook in Florida. During the deposition, Dr. Price testified he did not have a history of claimant's work as a cook. However, the record also shows that he was given a copy of Dr. Cullen's report and that he reviewed it. Within that report the Florida employment is described in some detail. It was Dr. Cullen's view the tarsal tunnel syndrome was not related to any workers' compensation injury in Florida. Therefore, *despite his testimony*, I find Dr. Price was sufficiently apprised of claimant's work as a cook in forming his opinion."

(Emphasis added; record citations omitted.)

Employer appealed the ALJ's compensability determination to the board. Employer specifically challenged the ALJ's reliance on Price's testimony in light of his express concession that he did not consider claimant's work history in Florida in forming his opinion on causation. The board adopted and affirmed the ALJ's order on that point without elaboration.

On review, employer renews the argument that it made to the board. In particular, employer urges that Price's medical opinion was flawed and could not support the ALJ's and the board's major contributing cause determination because Price did not have a sufficiently complete medical history and he did not evaluate the relative contribution of all potentially causative events. At best, according to employer, the ALJ and the board seemed to reason that Price had "some kind of imputed or subliminal knowledge of claimant's work as a cook in Florida." Employer urges that a medical opinion, to support compensability in a circumstance such as this, must be based on a conscious awareness and evaluation of the relative contribution of all potentially causative events and that, here, Price expressly disclaimed any such awareness or evaluation. In response, claimant argues that the board properly could find that Price had an accurate history of the Florida work based on the fact that Price reviewed Cullen's report. We agree with employer.

The parties agree that the compensability of claimant's condition depends on whether her work for employer was the major contributing cause of her condition. In determining the major contributing cause of a condition, persuasive medical opinion must evaluate the relative contribution of different causes and explain why a particular work exposure or injury contributes more to the claimed condition than all other causes or exposures combined. *Jackson County v. Wehren*, 186 Or App 555, 559, 63 P3d 1233 (2003) (citing representative cases). During his deposition, Price was asked specifically whether claimant, as part of the history that she related to him, had told him about her work for the elementary school in Florida. Price responded, "If she did, I don't remember it." He added that his handwritten notes referred only to her work in Oregon in employer's deli department and that he saw nothing about the Florida work history in his

chart. Price was then asked, "Well, if you don't see it and you don't remember it, then you couldn't have taken it into consideration, I take it?" Price answered, "No, definitely not."

Given Price's testimony, no reasonable inference can be drawn that, in forming his opinion that claimant's deli work in Oregon was the major contributing cause of her right foot tarsal tunnel syndrome, he evaluated the relative contribution of claimant's work in Florida. His review of another expert's report that referred to claimant's Florida work history provides no basis for overcoming his direct and unequivocal statement that he did not remember that history and that he "definitely" did not consider it in forming his opinion. On this record, the only reasonable understanding of Price's testimony is that he was not consciously aware of and did not consider claimant's Florida work history. The board's finding to the contrary is not supported by substantial evidence. *See Kenimer v. SAIF*, 183 Or App 131, 138, 51 P3d 632 (2002) (where there was only one reasonable interpretation of a doctor's opinion regarding cause of the claimant's hearing loss and the board found the doctor's opinion to be otherwise, the board's finding was not supported by substantial evidence); *SAIF v. Paxton*, 154 Or App 259, 264-65, 959 P2d 634 (1998) (same).

Claimant also offers us an alternative ground for affirmance of the board's order. Specifically, she renews an argument that she made to the board that, factually and medically, claimant's employment in Florida is irrelevant as a potential cause of her condition or need for treatment. The problem with that argument, however, is that the board did not address it or rely on it. Instead, the board endorsed the ALJ's reasoning that Price, in fact, adequately considered claimant's Florida employment. Because the particular ground on which the board chose to resolve the case is not supported by substantial evidence, the appropriate remedy is to remand the case to the board. *See* ORS 183.482(8)(c) (the court on review shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record).

Reversed and remanded.