Argued and submitted December 13, 2004, reversed and remanded for
reconsideration June 22, 2005

In the Matter of the Compensation of
Ernest Smith, Claimant.

VAN RADEN INDUSTRIES
and Royal & SunAlliance,
*Petitioners,*

*v.*

Ernest SMITH,
*Respondent.*

02-04043; A122814

115 P3d 941

Jerald P. Keene argued the cause and filed the briefs for
petitioners.

Geoffrey Wren argued the cause for respondent. With him on the brief was Hill & Wren, LLP.

Before Landau, Presiding Judge, Armstrong, Judge, and Deits, Judge pro tempore.

ARMSTRONG, J.

## ARMSTRONG, J.

Employer seeks review of an order of the Workers' Compensation Board determining that claimant's right carpal tunnel syndrome is compensable. Employer contends that the board erred in relying on the opinion of Dr. Nye, claimant's attending physician, because, contrary to the board's finding, the opinion fails to consider the contribution of claimant's left wrist condition as a preexisting condition. For that reason, employer contends, the board's order is not supported by substantial evidence or substantial reason. We agree with employer that the board erred in its interpretation of Nye's opinion and therefore reverse and remand for reconsideration.

It is undisputed that claimant suffers from carpal tunnel syndrome in his right wrist. He filed a claim for the condition as an occupational disease. Employer denied the claim, contending that non-work-related factors are the major contributing cause, including claimant's obesity and diabetes, and the fact that claimant's left-hand is nonfunctioning due to a childhood injury. Claimant requested a hearing, and the administrative law judge (ALJ) upheld the denial, finding that claimant had failed to establish that employment conditions are the major contributing cause of the carpel tunnel syndrome. Specifically, the ALJ determined that claimant's left-hand disability was a preexisting condition. The ALJ found that Nye's opinion, on which claimant relied, was not persuasive, because Nye expressly stated that he did not consider claimant's left-hand dysfunction to be a preexisting condition and opined that claimant's "one-handed work over a period of years" was the major contributing cause of the carpal tunnel syndrome. Thus, the ALJ reasoned, Nye had failed to consider and weigh the left-hand dysfunction as a preexisting condition. The ALJ also found that other medical opinions were not persuasive of an employment relationship.

The board reversed the ALJ. The board assumed, without deciding, that claimant's left-hand dysfunction was a preexisting condition that should be weighed against employment causes. The board found that, despite Nye's statement

that the left-hand dysfunction was not a preexisting condition, Nye had in fact "considered the effect of claimant's left-hand condition" but still concluded that claimant's work activity was the major contributing cause of the carpal tunnel syndrome. Employer seeks review, contending that Nye's opinion cannot reasonably be interpreted to have treated the left-hand dysfunction as a preexisting condition.

We consider first the statutes relevant to our inquiry. ORS 656.802 sets forth the requirements for establishing an occupational disease and provides, in relevant part:

"(1)(a)   As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death * * *[.]

"(2)(a)   The worker must prove that employment conditions were the major contributing cause of the disease.

"* * * * *

"(e)   Preexisting conditions shall be deemed causes in determining major contributing cause under this section."

For occupational disease claims, a preexisting condition is defined in ORS 656.005(24)(b) as

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment and that precedes the onset of the claimed occupational disease, or precedes a claim for worsening in such claims pursuant to ORS 656.273 or 656.278."

The determination of whether work is the major contributing cause of a condition requires a comparison of the contributions of work-related and non-work-related causes. *See Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618, *rev dismissed*, 321 Or 416 (1995). Whether a condition is treated as preexisting for purposes of determining the compensability of an occupational disease is significant because, if it is preexisting, then it weighs in on the non-work-related side of the comparison of work-related and non-work-related causes of

the disease. The board chose not to resolve whether claimant's left-hand dysfunction is a preexisting condition. Because it understood Nye to have "considered" the left-hand dysfunction in determining the relative contributions of the different causes of claimant's carpal tunnel syndrome, it assumed, without deciding, that the left-hand dysfunction was a preexisting condition. The board discounted other medical opinions in the record and found that Nye's opinion was sufficient to establish that work was the major contributing cause of claimant's carpal tunnel syndrome.

We conclude that no reasonable person could interpret Nye's opinion the way in which the board interpreted it. Nye's reports show that, although he "considered" claimant's left-hand dysfunction in the sense that he was aware of it, he expressly did not believe that claimant's lack of function in his left-hand was a factor to weigh on the non-work-related side of the comparison. Nye opined that claimant's "inability to use his left hand is not a pre-existing condition * * * as the left hand *itself* does not contribute to [claimant's] disability or need for treatment." (Emphasis in original.) In light of the board's mistaken interpretation of Nye's opinion, we remand the case to the board for reconsideration.

Reversed and remanded for reconsideration.